GILBERT GEROULD, Appellant, *v.* DAVID CRONK, Respondent.

*Misjoinder of causes of action — objection, how raised in a court of record — how raised in a Justice's Court — joinder of a cause of action in tort and one on contract — form of execution — pleadings in Justices' Courts.*

In a court of record, the misjoinder of causes of action appearing on the face of a complaint is waived, unless the objection is taken by demurrer on that ground.

In Justices' Courts, the misjoinder of causes of action is not strictly a ground of demurrer as such, but it is a ground of objection to be taken in due time, and if not so taken, the objection is waived. It constitutes no defense on the merits and is not available to the defendant upon a motion for a nonsuit.

The objection to the misjoinder of alleged causes of action in a Justice's Court should be taken in such a manner as to require a ruling by the justice upon it before proceeding with the trial of the action.

The nature of the execution to which a plaintiff may be entitled is dependent upon the character of his complaint, and when his complaint embraces alleged causes of action, both in tort and on contract, the plaintiff, in case of his recovery, is denied the benefit of an execution against the person of the defendant.

Liberality in pleading is extended to Justices' Courts, and objections must be distinctly taken to support charges of error made upon the review of a decision.

APPEAL by the plaintiff, Gilbert Gerould, from a judgment of the County Court of Steuben county in favor of the defendant, entered in the office of the clerk of the county of Steuben on the 24th day of August, 1893, upon the decision of the court reversing the judgment of a justice of the peace of the town of Cohocton, county of Steuben.

*Fary B. Beecher*, for the appellant.

*I. A. Seamans*, for the respondent.

BRADLEY, J.:

There was a misjoinder of causes of action in the complaint. This the defendant alleged with other matters in his answer, and at the close of the plaintiff's evidence made it one of the grounds of motion for nonsuit. The motion was denied by the justice, and judgment was afterwards rendered upon the verdict of the jury for the plaintiff.

In Justices' Courts the misjoinder of causes of action is not a ground for demurrer strictly as such. (Code Civ. Proc. § 2939; *Lapham* v. *Rice*, 63 Barb. 485.) But it is a matter for objection to be taken in due time, and if not so taken is waived. (*Whitney* v. *Crim*, 1 Hill, 61; *Dunham* v. *Simmons*, 3 id. 609; *Willard* v. *Bridge*, 4 Barb. 361.)

And when his complaint embraces alleged causes of action both in tort and on contract, the plaintiff, in case of his recovery, is denied the benefit of execution against the person of the defendant. (Code Civ. Proc. § 2937.)

This was the rule at common law. And the nature of the execution to which a plaintiff may be entitled is dependent upon the character of his complaint.

In the present case the plaintiff gave evidence to the effect that the defendant's sheep and horses entered into the plaintiff's premises and injured and partially destroyed his crops of barley and peas.

The plaintiff testified that there were no unsettled matters between him and the defendant other than the damages to his crops and to his plow. The matter of the plow, as he testified, was that he lent a plow to the defendant, who promised to return it in good order and to furnish a new point for it; that he failed to do so, and that the repair of the plow cost twenty-five cents and the price of a new point was sixty cents, thus making only eighty-five cents as damages for the alleged breach of contract.

The misjoinder of causes of action is not a defense in the sense applicable to that term, and, therefore, is not the subject of allegation in the answer.

The justice may not necessarily be advised of the contents of the pleadings when they are in writing and filed with him unless his attention is for some purpose particularly called to them. So far as appears the question of misjoinder of causes of action in the complaint was not raised by any suggestion, objection or application made to the justice or his court until after the close of the plaintiff's evidence, and then by motion for nonsuit on that and other grounds.

The defendant could properly in the outset have moved the justice to direct the plaintiff to elect on which alleged cause of action he would proceed to trial, or he could have specifically raised the question by objection in such manner as to call upon the justice to rule upon it. Then his refusal to require the plaintiff to elect or the overruling of the objection would be available error.

In a court of record misjoinder of causes of action appearing on the face of the complaint is waived unless the objection is taken by demurrer on that ground. (Code Civ. Proc. §§ 488, 499.) And the plaintiff, upon or without the determination of the issue of law by the court, may amend his complaint.

In analogy to that practice and upon that theory the objection to misjoinder of alleged causes of action in a complaint in Justice's Court should be taken in such manner as to have a ruling of the justice upon it before proceeding to trial of the action.

This was substantially the practice applicable to Justices' Courts before the Code. In *Dunham* v. *Simmons* (3 Hill, 610) it was said that "The misjoinder should have been objected to by demurrer," and the same was held in *Willard* v. *Bridge* (4 Barb. 361, 365); *Dean* v. *Gridley* (10 Wend. 254).

For obvious reasons liberality in pleading is extended to Justices' Courts and objections must be distinctly taken to support the charge of error on review.

As the defendant did not in the outset and before proceeding to the trial by any objection call upon the justice to rule upon the question of misjoinder of causes of action alleged in the complaint he must be deemed to have waived such objection. The objection is one to be raised preliminarily to the trial. It constituted no defense on the merits and was not available to the defendant upon motion for nonsuit.

A careful examination of the evidence leads to the conclusion that the verdict of the jury was permitted by it, and that there was no error in the reception and rejection of evidence on the trial.

The judgment of the County Court should be reversed and that of the justice affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment of the County Court reversed and that of the justice affirmed.