(149 App. Div. 369.)

INTERNATIONAL TEXT–BOOK CO. v. FOX et al.

(Supreme Court, Appellate Division, Fourth Department.   March 6, 1912.)

1. ACTION (§ 50*)—MISJOINDER.

    A cause of action on a contract to subscribe for a scholarship cannot be joined with one against another defendant guaranteeing payment for the scholarship pursuant to the contract.

    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

2. JUSTICES OF THE PEACE (§ 95*)—MISJOINDER OF CAUSES OF ACTION—RAISING OBJECTION—DEMURRER.

    Where the two causes of action alleged in the complaint in a justice's court against different defendants were each explicit and sufficient as against the defendant against whom it was directed, misjoinder of the causes of action could not be raised by demurrer, though appearing on the face of the complaint; Code Civ. Proc. § 2939, permitting a party to demur to one or more distinct causes of action in the complaint only where it is not sufficiently explicit to be understood.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 327; Dec. Dig. § 95.*]

3. JUSTICES OF THE PEACE (§ 101*)—ACTIONS—PLEADING—MISJOINDER—MANNER OF RAISING.

    Defendant, when sued in a justice's court, need not assert a misjoinder of causes of action by answer, the Code of Civil Procedure not prescribing the remedy in a justice's court, but should raise the question at beginning of trial.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 342; Dec. Dig. § 101.*]

4. JUSTICES OF THE PEACE (§ 92*)—MISJOINDER OF CAUSES OF ACTION—SUFFICIENCY OF OBJECTION—ANSWER.

    Plaintiff sued defendants in justice's court on their respective contracts to purchase a scholarship and to guarantee payment under the scholarship contract, and the defendant, executing the principal contract, answered that there was "a misjoinder of parties defendant herein; that the said defendants cannot be joined in this cause of action as party defendants; that it is improper to join them as such," and the guarantor defendant alleged "that there is a misjoinder of parties defendant." *Held*, that the answer sufficiently raised the objection of a misjoinder of causes of action.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 324, 325; Dec. Dig. § 92.*]

    McLennan, P. J., and Kruse, J., dissenting.

Appeal from Cattaraugus County Court.

Action by the International Text-Book Company against John Fox, Sr., and another.   From a judgment of the County Court for plaintiff, defendants appeal.   Reversed, and Justice's judgment affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Henry Donnelly, for appellants.
M. B. Jewell, for respondent.

SPRING, J.   The action was commenced in justice's court against the defendant, John Fox, Jr., an infant, on a written agreement

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

whereby he subscribed for a scholarship and was to receive instruction in bookkeeping and business forms of the defendant, and was to pay therefor $60.80 in monthly installments of $3 each after the first cash payment which was made, and alleging there was due and unpaid on said agreement the sum of $40.80. There was also set out in the complaint a cause of action against the defendant John Fox, Sr., on a collateral contract, guaranteeing "the payment of said scholarship in accordance with the terms of said contract" with the son.

Separate answers were interposed, each containing certain denials alleging other defenses, and the answer of the defendant son contains this averment:

"The defendant, further answering the complaint herein, alleges that there is a misjoinder of parties defendant herein;. that the said defendants cannot be joined in this cause of action as party defendants; that it is improper to join them as such."

The answer of the codefendant, among other matters, alleges "that there is a misjoinder of parties defendants."

At the trial the plaintiff offered in evidence the contract with the independent agreement of guaranty of Fox, Sr., indorsed thereon. Objection was interposed, setting forth, among other grounds:

"That part of it purports to be a direct contract with John Fox, Jr., and the other portion on another leaf is a guaranty with John Fox, father, and that this action cannot be maintained jointly against these parties, on the ground that it is incompetent and cannot be received in the condition the action is now in. That there is a misjoinder of parties defendant. That this alleged paper contains two contracts, one direct with one of the defendants, and the other collateral with the other one. That it is not proper."

The objection was sustained; the justice remarking: "I don't think it would be competent as against both of the defendants." The plaintiff then rested, and the defendant moved for a nonsuit on the ground that the plaintiff had not made a case,. "that there is an improper joinder of the defendants, that the action cannot be maintained against both defendants in one action, because one is a contract of guaranty and the other is a principal to a contract, and on the ground that the defendant is an infant under the age of 21 years"; and the motion was granted.

[1] We start with the basic proposition that the two several causes of action were improperly united. Roehr v. Liebmann, 9 App. Div. 247, 41 N. Y. Supp. 489; Barton v. Spies, 5 Hun, 60; Brewster v. Silence, 8 N. Y. 207; Green v. Dunlop, 136 App. Div. 116, 120, 120 N. Y. Supp. 583; Gould v. Moring, 28 Barb. 444.

[2] Each cause of action was stated with sufficient explicitness, and the facts alleged in the separate averments were sufficient to constitute a cause of action against the defendant to whom they were directed, so that the defendants could not properly attack the misjoinder of causes of action by demurrer, although appearing on the face of the complaint. Section 2939, Code of Civil Procedure; Gerould v. Cronk, 85 Hun, 500, 33 N. Y. Supp. 202; Lapham v. Rice, 63 Barb. 485,,498..

[3] The Code of Civil Procedure does not prescribe the remedy available to the defendant in a justice's court for a misjoinder of

causes of action, and it was early held that he was not required to assert it by answer, but should raise the question at the opening of the trial. Waite's Law & Practice, vol. 3 (5th Ed.) p. 274; Gerould v. Cronk, supra.

That rule has recently been criticised, and in a case of nonjoinder of parties defendants it was held that the defect should be raised in the answer by plea in abatement. Amsterdam El. Light Co. v. Rayher, 43 App. Div. 602, 604, 60 N. Y. Supp. 330.

[4] I think the defect was sufficiently pointed out in the answer. Much liberality is permitted in pleading, and in the practice generally, in justice's court. The pleadings are frequently oral; when in writing are often prepared by the justice or a person not learned in the law or familiar with the technical rules of pleading. The purpose of the pleading is to state the facts which will apprise the adverse party of the cause of action or particular defense to be averred. The complaint had clearly alleged two several causes of action, and the answer charged that there was a misjoinder of the defendants. It did not stop with that specific averment. It further stated that they cannot be joined in this cause of action as defendants, and that joining them as such was improper. In view of the misjoinder in the complaint, the plaintiff must have realized that it had erroneously united two causes of action, and the defendants were objecting to this defect in the complaint.

The contract was offered in evidence, including that of the guaranty. The objections interposed definitely informed the plaintiff of the position of the defendants. Now the contract and the collateral agreement may have been competent against Fox, Sr. It was not offered against him alone. The remark of the court that it was not "competent against both defendants" was an intimation to the plaintiff that it might discontinue as to one defendant. The suggestion was not adopted, and the plaintiff promptly rested. Upon a motion for nonsuit the vice in the complaint was again succinctly stated, and the plaintiff's counsel, it seems to me, should then have offered to discontinue as to one defendant. He preferred, however, to rely upon a technicality, although he had improperly united two independent causes of action. A discontinuance as to one defendant meant very small, if any, costs against the plaintiff, and the action could then have been tried upon the merits. I think the courts should not uphold attempts to gain advantage and pile up costs by technical practice, such as the plaintiff seemed to be inclined to adopt.

The judgment of the County Court should be reversed, and that of the justice's court affirmed, with costs to the appellant in this court and the courts below.

Judgment of the County Court reversed, and that of the justice's court affirmed, with costs to the appellant in this court and the courts below. All concur, except McLENNAN, P. J., who dissents in a memorandum, and KRUSE, J., who dissents upon the ground that the principal contract and the guaranty were improperly excluded.

McLENNAN, P. J. (dissenting). This action was brought in justice's court, jointly against John Fox, Sr., and John Fox, Jr., upon a contract which John Fox, Jr., had duly executed and which John Fox, Sr., had guaranteed. Upon the trial before the justice, when the plaintiff offered such contract and guaranty in evidence it was excluded, upon the ground, apparently, that it involved separate causes of action. The defendants or either of them, as I interpret the record, made no objection to the receipt of such contract and guaranty in evidence on the ground that the causes of action against each of such defendants were separate and distinct and could not properly be joined, but solely upon the ground that there was an improper joinder of parties defendant. The defendants were properly joined, and, the question of the improper joinder of causes of action not having been raised, the paper comprising the contract and guaranty should have been admitted in evidence. It was essential to the plaintiff that in the first step of the trial such paper be received. Upon its receipt it was entitled to make such claim against either of the defendants as the conditions or purport of such paper warranted. It having been excluded, of course it was not in position to recover against either of the defendants. It seems to me that the paper comprising such contract and guaranty was competent and should have been received in evidence; that it was then open to the plaintiff to determine against which of the defendants it would proceed and ask judgment, but that by the exclusion of the evidence it was prevented from asking judgment against either.

I conclude, therefore, that the County Court was right in reversing the judgment of nonsuit and in holding that the paper containing the contract and guaranty was competent.