## SUPREME COURT.

GEORGE W. BRAINARD, respondent, agt. MILES JONES and JOHN S. PROVOST, appellant.

An *objection* to a complaint for the non-joinder of parties, cannot be taken by *special demurrer*, unless the complaint shows that the party for whose non-joinder the demurrer is interposed, was living when the suit was commenced. It is not enough that the complaint is silent on the subject, the fact must appear *affirmatively*.

Where the fact does not appear on the face of the complaint, the objection should be taken by *answer*, analogous to a former plea in abatement.

Under the 120th section of the Code, *all or any* of the parties, severally liable upon a *bond*, may be included in the same action. That is, the section applies as well to *bonds* as to bills of exchange and promissory notes.

*Niagara General Term, Sept.*, 1855.

Present, BOWEN, P. J., MULLETT and GREENE, Justices.

APPEAL from an order at special term overruling a demurrer to the complaint.

CHARLES DANIELS, *for appellant.*

D. F. CLARK, *for respondent.*

By the court—GREENE, Justice. The complaint is on a re-plevin bond, executed (under the old system) by one Alexander Ramsdell, as principal, and the defendants as sureties. The agreement of the obligors is joint and several. Ramsdell is not joined as a defendant in the action, and the defendant

Jones demurs for a defect of parties : first, on the ground that Ramsdell is not made a party ; and, secondly, that he, Jones, is improperly joined as a defendant with Provost.

At common law, the defendants could not be sued jointly without joining Ramsdell, provided he was living at the time of the commencement of the action. But the remedy of the defendants, when so sued; was a plea in abatement, in which it was necessary to aver that the obligor, whose non-joinder was pleaded, was then living. No case has been cited where a demurrer for non-joinder has been sustained, unless this fact was affirmatively shown by the declaration, with as much certainty as was required in an averment of the same fact in a plea in abatement. Until the fact appears clearly on the record, no case is made for abating the suit. (1 *Saund.* 291, *and notes.*)

The *dictum* of the CHANCELLOR, in the case of *Burgess* agt. *Abbott*, (6 *Hill*, 141,) that the objection might be taken by *special demurrer*, although it did not appear from the declaration that the party was living, was not called for by the facts of the case, and seems to be opposed to the *authority* of the case of the *State of Indiana* agt. *Worham*, (*id.* 33,) where, as I understand the opinion of Justice BRONSON, the objection was taken by special demurrer. But it is sufficient that no authority is to be found in *favor* of the rule suggested by the CHANCELLOR, when no substantial reason is urged requiring its adoption. The 144th section of the Code, lays down the same rule that prevailed at common law. It provides that the defendant may demur to the complaint "*when it shall appear upon the face thereof*" that there is a defect of parties. This does not appear unless the complaint shows that the party for whose non-joinder the demurrer is interposed, was living when the suit was commenced. It is not enough that the complaint is silent on the subject. The fact must *appear* affirmatively.

Another conclusive answer to this objection is found in the 120th section of the Code, which provides that, " persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may, *all*

Brainard agt. Jones and Provost.

*or any of them,* be included in the same action, at the option of the plaintiff."

It is argued by the defendants that this section was *intended* to apply to actions on bills of exchange and promissory notes only, and the explanatory note of the commissioners is cited in support of this construction. The note is in these words, " conformable to the present statute authorizing suits against the different parties to bills of exchange and promissory notes." (*Laws of* 1832, *ch.* 276.)

This statute referred to suits on bills of exchange and promissory notes *specifically,* and to nothing else ; and so far as the 120th section relates to those instruments, its provisions are " conformable " to those of the statute in question ; and the note above cited is well enough as a declaration of that simple fact. But if it is to be regarded as the opinion of the commissioners as to the *effect* of the section to which it is appended, it lacks the important element of authority, which the section has derived from the sanction of the legislature ; and we must still look to what the legislature have *said* as the primary evidence of what they *meant.* The language of the section must be received in its ordinary sense, in which the legislature is presumed to have used it ; and when it is plain and unequivocal, there is no room for construction. The language is, " persons severally liable on the same *obligation* or *instrument,*" may all or any of them be joined at the option of the plaintiff.

It would be difficult to select language more comprehensive than this, or more plainly indicating parties to *every* agreement or undertaking upon which a party may become liable to an action ; and it would be a forced and unnatural construction to hold that the subsequent superfluous words " *including* parties to bills of exchange," &c., *excluded* parties to every other " obligation or instrument." (*See the opinion of* WILLARD, J., *in the case of De Ridder* agt. *Schermerhorn,* 10 *Barb.* 638.)

The order must be affirmed, with costs.