EDWARD L. FIELD, ADMINISTRATOR &c., *against* JOSHUA M.
VAN COTT, IMPLEADED.

When application is made to a surrogate for a grant of administration, and upon
such application the person proposing himself as administrator, in order to
obtain a grant of letters, gives a bond with sureties conditioned for the due
administration of the estate, and administration is thereupon granted to him,
neither the principal in the bond nor his sureties can afterwards show in a suit
on the bond that the surrogate did not have jurisdiction to grant administration
or to take the bond.

*So held* in an action against the sureties on an administrator's bond taken by the
surrogate of the county of New York, which recited that the deceased was an
inhabitant of that county, and in which the defendants offered to show that the
deceased was an inhabitant of the county of Queens, and that the surrogate of
New York county had no jurisdiction to grant administration.

Since the act of 1870 (L. 1870, p. 826, c. 359), a decree of the surrogate of the
county of New York cannot be attacked collaterally for error in awarding to a
creditor more than his proper share in the distribution of an estate.

The rule of the common law, that on a joint and several bond, all the obligors, or
any one of them, might be joined, but not two out of three, is now changed by
§ 120 of the code, allowing persons severally liable upon the same obligation
or instrument to be all or any of them included in the same action.

In an action against two of three obligors on a bond which the complaint alleges
to have been jointly executed, but which is at the trial proved without objec-
tion to be joint and several, and a verdict rendered thereon, the court will, on
appeal, allow the complaint to be amended to conform to the proof.

EXCEPTIONS ordered to be heard in the first instance at
general term.

The action was brought by Edward L. Field, as surviving
administrator of Julia F. Brailesford, deceased, against Joshua
M. Van Cott and Eli H. Reed, upon a joint and several bond,
in the penalty of $12,000, executed by Thomas G. Van Cott,
principal, and Joshua M. Van Cott and Eli H. Reed, sure-
ties, the condition being that Thomas G. Van Cott should
faithfully execute the trust reposed in him, as administrator
with the will annexed of Gabriel Van Cott, late of the city of
New York, deceased, and obey all orders of the surrogate of

the county of New York, touching the administration of the estate committed to him.

The complaint, after alleging the joint execution of the bond, set forth the issuing of the letters of administration to Thomas G. Van Cott, his receipt, and conversion of the assets of the estate, amounting to $17,390 74; his final accounting before the surrogate; the decree of the surrogate, made Feb. 23d, 1871, that he pay to plaintiff the sum of $2,002 64; the neglect of said administrator to pay the same; the filing of the transcript of the decree; the issuing of execution thereon against Thomas G. Van Cott; its return unsatisfied, and the assignment of the bond in question to the plaintiff for prosecution.

The defendant, Joshua M. Van Cott, interposed, by his answer, two grounds of defense, to wit:

(1) That the said Gabriel Van Cott "was immediately preceding, and at the time of his death, an inhabitant of the county of Queens, in the State of New York, and was not then an inhabitant of the county of New York, and that jurisdiction to grant letters of administration upon his goods pertained and belonged to the surrogate of the county of Queens, and not to the surrogate of the county of New York; and that the surrogate of the county of New York had not jurisdiction to take the said bond, or to grant or issue the said supposed letters of administration, or to entertain the said supposed proceedings, or to make the said supposed decrees or orders alleged in the said complaint, and that the same were and are void in law and of no effect."

(2) That the said Thomas G. Van Cott was living and an inhabitant of the State of New York at the time of the commencement of the action, and was a necessary party as defendant in the action.

At the trial the court held that Thomas G. Van Cott was not a necessary party to the action, and refused to admit any evidence to show that Gabriel Van Cott at the time of his decease was not an inhabitant of the county of New York.

The court directed a verdict for the plaintiffs for the amount claimed and interest, amounting to $2,283 01, and

directed the exceptions to be heard in the first instance at the general term.

*D. D. Field*, for plaintiff.

*E. W. Stoughton*, for defendant.

ROBINSON, J.—This action was brought against the defendants as sureties on an administration bond, given by Thomas G. Van Cott, in November, 1867, upon the granting to him, by the surrogate of the city and county of New York, of letters of administration upon the estate of Gabriel Van Cott, deceased; and the alleged breach of the condition was his neglect or refusal to pay, according to the subsequent decree of the surrogate (made on the 24th of February, 1871), out of the assets that had come into his hands, a debt adjudged to be due the plaintiff, payable from the estate of the intestate, sufficient assets for that purpose being disclosed. The defense offered on the trial, in contradiction to the recital in the bond, and against the *prima facie* evidence furnished by the letters of administration and decree of the 24th of February, 1871, was, "that at the time of the decease of Gabriel Van Cott (the intestate), and immediately preceding such decease, he was not an inhabitant of the county of New York, but was an inhabitant of the county of Queens, settled there for the purpose of living there."

This defense was overruled under exception, and such ruling is the main subject of consideration on this appeal.

The offer of such a defense was rejected upon the ground of *estoppel*, upon the consideration that the application for and granting of the letters of administration were upon assumption of the jurisdiction of the surrogate of the city and county of New York; and the bond being tendered to enable the principal to acquire the office of administrator and possession of the property of the intestate, and having effected that object, both principal and sureties were concluded from questioning the authority of the surrogate to grant such letters, or the liability of the sureties for the acts of the principal in the execution of his duties as such administrator, or the order made by

the surrogate fixing his liability. The following authorities of the courts of our State support the ruling of the judge on the trial: *The People* v. *Falconer* (2 Sand. S. C. 81); *Caldwell* v. *Colgate* (7 Barb. 256); *The People* v. *Norton* (9 N. Y. 178); *The Supervisors of Rensselaer* v. *Bates* (17 N. Y. 245); *Fay* v. *Ames* (44 Barb. 327); *Fuke* v. *Whipple* (39 Barb. 339; s. c. 39 N. Y. 394); *Coleman* v. *Bean* (3 Keyes, N. Y. 94); *The Cumberland Coal Co.* v. *Hoffman Steam Coal Co.* (39 Barb. 19).

In *The People* v. *Norton* (*supra*), the action was brought upon a bond given by a trustee, substituted by the Court of Chancery upon proceedings by petition without bill of complaint, in a case claimed to have been within the jurisdiction of the court, under the provisions of the statute allowing such substitution upon a summary application, which however was denied, and such want of jurisdiction was presented as a defense to the bond. The Court of Appeals, however, held that as the substituted trustee had got possession of the trust estate under color of such proceeding, he and his surety upon such voluntary bond for the faithful administration of the trust estate were precluded from questioning the authority under which he assumed to have acted. So in *The Supervisors of Rensselaer* v. *Bates*, in the same court (*supra*), the defendant had become surety that his principal should faithfully discharge the duties of the office of treasurer of the board of supervisors, an office not within the province of the board to create; yet he was held liable on such voluntary bond for moneys received by his principal in such assumed capacity as treasurer of the board, although collected under resolutions which that body could not lawfully pass; and that case decided that both principal and surety were "precluded from questioning the power of the board as principals to confer upon him the authority (as treasurer) under which he acted."

In *The People* v. *Falconer* (*supra*), in the Superior Court, Justice SANDFORD, in a similar case to the present one, says: "It would be strange, indeed, if the sureties in an administration bond, after enabling their principal to possess himself of the personal estate by its execution, should be permitted to avoid its obligations upon the plea that the officer granting the

letters and receiving the bond had no jurisdiction of the subject-matter. The execution of the bond precludes both principal and sureties from gainsaying the surrogate's jurisdiction in any proceeding for the assets which the appointment and bond have enabled the principal to receive."

The distinction is plain between such cases as the present and those arising upon proceedings *in invitum* against a party, where he is compelled to give a bond or other obligation to procure the release of his person or estate from process or other claims sought to be enforced against him under proceedings void for want of jurisdiction in the officer who assumes to exercise it, and where the power under which a *wrong* is attempted to be enforced only originates in such void jurisdiction. The voluntary presentation of such a bond as that sued on in this case, for the purpose of acquiring rights not previously possessed by the party offering it, brings the case within the principle of both legal and equitable *estoppel*, by which a party is precluded in a court of justice from denying his own acts and admissions, where they were designed to influence the conduct of another, and did so influence it, and when such denial would operate to the injury of the latter (*Dezell* v. *Odell*, 3 Hill, 215; Herm. on Estop. §§ 320, 321), or has bound himself by a written instrument for the fidelity or good conduct of another in a private trust or public duty, for acts done in that capacity (Herm. on Estop. §§ 250, 251). The authorities of our own courts fully sustain the liability of the defendants as sureties upon the bond in suit for the assets that came into the hands of the principal, the administrator, without right of question as to the jurisdiction of the surrogate by whom he was appointed to office.

The decree of the surrogate, made on the 23d of February, 1871, directing the payment to the plaintiff, by the administrator, of the amount for which (with interest) the recovery has been had, cannot be attacked collaterally (L. 1870, § 826, c. 359), upon the allegation that the plaintiff was awarded more than his just proportion of the assets that came into the hands of the administrator. Any error in that respect was only the subject of appeal from the surrogate's decree.

The defense of non-joinder of Thomas G. Van Cott, the administrator, upon allegation that he was a joint contractor in the bond in suit, was disposed of by a production of the bond, which, as to the obligor, was joint and several. The suit was against the sureties only, and against only two out of the three obligors; and the motion to dismiss the complaint was on the ground "that two out of three joint and several parties to the bond of the administrator had been sued, and not one or three." Such was the rule of the common law, but that has been altered by the code (§ 120), allowing "persons severally liable upon the same obligation or instrument to be all or *any* of them included in the same action, at the option of the plaintiff" (*Carman* v. *Plass*, 23 N. Y. 286; *Brainard* v. *Jones*, 11 How. Pr. 569); but as the allegation in the complaint was solely of a joint obligation, and the proof made without objection was of one *joint and several*, the plaintiff should be permitted to amend his complaint conformably to the proofs, by inserting the words "jointly and severally" after "bound themselves."

Judgment should be entered on the verdict for plaintiff.

DALY, Ch. J., and LARREMORE, J., concurred.

Ordered accordingly.