Rollins, S.
—The judgment upon which the application herein relies was both several and joint, and was recovered upon a joint and several obligation.
At common law, parties severally liable could not be united in the same action. It resulted that where a joint action was brought and a joint judgment recovered upon an obligation that was both joint and several, the plaintiff was regarded as having elected to avail himself of the joint liability. of the parties sued, and was in consequence debarred from afterwards attempting to secure a several judgment against any one of them. United States v. Price, 9 How. U. S., 83.
Section 120, of the former Code of Procedure, which was in force at the time of the execution of the instrument to which the petitioner’s judgment relates, abrogated the rule of the common law, and permitted persons severally liable upon the same obligation or instrument, to be included in the same action. The circumstance that such persons could be held jointly liable, has not been considered as an obstacle to such inclusion, or to the amplest judgment that the nature of the contract or obligation would admit of Alfred v. Watkins, 1 Code Rep. (N. S.), 343; Brainard v. Jones, 11 How. Pr., 569; Strong v. Wheaton, 38 Barb., 616-623; Cridler v. Curry, 44 How. Pr., 345; Field v. Van Cott, 15 Abb. (N. S.), 349.
It is manifest, therefore, that the respondent is mistaken in supposing that the estate of this decedent has been discharged from liability for the judgment in question.
The examination of the respondent may proceed.