(15 Misc. Rep. 350.)

## TOUCEY v. SCHELL et al.

(Supreme Court, Special Term, New York County.   December, 1895.)

1. BOND—ACTION—PARTIES.
   A separate action may be maintained against each of the sureties on a several bond on his separate liability without joining the other sureties as defendants.

2. SAME—CONSTRUCTION—LIABILITY OF SURETIES.
   Under a several bond, binding the principal in the penal sum of $170,000, and the sureties severally in penal sums aggregating $170,000, the bond being conditioned that the principal should pay over all money which came into his hands as trustee, recovery against a surety is not limited to a proportional amount of the principal of the trust fund, or of the trustee's default, but to the penal sum for which he binds himself.

3. SAME—CONTRIBUTION.
   Under a bond binding the sureties severally in penal sums aggregating that for which the principal is liable, a surety has a right of action against the others for contribution.

4. SAME—EQUITABLE DEFENSE.
   The executors of a surety on a trustee's bond may set up as an equitable defense to an action thereon payments made by him to the beneficiary after she and the surety knew of the trustee's default, and made and received in discharge pro tanto of the surety's liability.

Action by Donald B. Toucey, trustee, against Edward H. Schell and others, executors of Edward Schell, deceased, on a bond.

O. P. Buel, for plaintiff.

Evarts, Choate & Beaman (Joseph H. Choate and William V. Rowe, of counsel), for defendants.

LAWRENCE, J.   The testator, in his lifetime, together with John A. Foley, Daniel B. Allen, Arthur M. Foley, and Elizabeth Foley, executed a several bond, by which he and the other persons became severally bound to Louise P. W. Foley (wife of John A. Foley), Charles E. Heartt, and Harold Heartt, infant children of said Louise P. W. Foley, and unto whomsoever else it may concern, the said John A. Foley in the penal sum of $170,000, the said Daniel P. Allen in the penal sum of $100,000, the said Edward Schell in the penal sum of $30,000, and the said Arthur M. Foley in the penal sum of $10,000, and the said Elizabeth Foley in the sum of $30,000.   The bond is dated May 29, 1880, and recites that the said John A. Foley is about to be appointed trustee to execute the unexecuted trusts created by the will of Charles S. Heartt, deceased.   The condition of the bond is that the said John A. Foley shall in all respects faithfully execute said trust, and shall duly and faithfully care for and pay over all sums of money and securities which may come to his hands as such trustee, and shall duly account for and with respect to said trust and all said sums of money and securities whenever thereunto duly required.   It is stated that at the time of the execution of this bond the value of the trust estate was about $85,000, and it will be observed that the penalty of the bond was exactly in double that amount.   John A. Foley accepted the trust, and was thereafter found to have converted the whole of the principal of the trust

estate to his own use prior to the 1st day of January, 1884, the principal then amounting to the sum of $86,063, together with the income of said trust estate, amounting to $32,273.62; making a total defalcation of $118,336.62. He was thereupon, by order of this court dated April 2, 1894, removed, and the plaintiff was substituted as the trustee in his place and stead. The action is brought by the plaintiff, as such trustee, to recover from the executors of the will of Edward Schell the full amount of the penal sum of $30,000, with interest thereon from the commencement of this action.

The defendants, in their answer, allege that Daniel B. Allen and Arthur M. Foley and the legal representatives of Elizabeth Foley, who is now deceased, who were the cosureties with Mr. Schell, should have been made parties defendant in this action. They further allege, as a separate and distinct defense, that when the said John A. Foley became trustee of said trust the capital of the trust estate amounted to about $85,000, but did not exceed that sum, and that it was understood and agreed by and between said Louise P. W. Foley and said John A. Foley and the sureties upon said bond that the said Daniel B. Allen, Edward Schell, Arthur M. Foley, and Elizabeth Foley should become sureties to the beneficiaries of the trust to the amount of the capital of the trust estate, and should be severally bound as follows: The said Daniel B. Allen in the sum of $50,000, the said Arthur M. Foley in the sum of $5,000, the said Elizabeth Foley in the sum of $15,000, and the said Edward Schell in the sum of $15,000, amounting in the aggregate to the value of said trust estate, or $85,000; that, as was the custom in such cases, said bond was drawn in the penal sum of double the amount to be secured by said sureties, respectively, and that the said Edward Schell, deceased, was thus made liable under said bond in the penal sum of $30,000, to secure that portion of the capital of said trust estate for which he had become surety, to wit, $15/85$ of said capital of said trust estate, or $15,000; and that the limit of the liability of Edward Schell, deceased, and of these defendants, upon said bond, is that proportion of the total liability of all the sureties on said bond, not to exceed in any event the said penal sum of $30,000; and that the actual liability of said Edward Schell, deceased, and of these defendants, if any, is now much less than said sum of $30,000. The defendants also set up as a separate and distinct defense, and by way of counterclaim, that after it had become known to Louise P. W. Foley, the beneficiary of the trust mentioned in the complaint, and the said Edward Schell, deceased, that said John A. Foley had disposed of said trust property, whereby a liability upon said bond had been incurred, said Edward Schell, deceased, in his lifetime, at the request of the said Louise P. W. Foley, paid over to her semiannually for several years the sum of $750, it being the understanding between them that such payments were made and received in discharge and satisfaction, so far as they went, of any liability of said Edward Schell, deceased, upon said bond; that said payments amount in the aggregate to the sum of $7,496.15, which sum was

received and applied by Louise P. W. Foley in lieu of so much of the net income of the trust estate secured to her under said trust.

I think that the point that the other sureties are not made parties defendant cannot be sustained. The objection that there is a defect of parties plaintiff or defendant, where it appears upon the face of the complaint, as in this case (if such defect exists), must, under section 488 of the Code of Civil Procedure, be taken by demurrer. Besides, as the bond is several, and not joint, or joint and several, I think that a separate action can be maintained against each surety on his separate liability, without joining the other sureties as parties defendant. See Code Civ. Proc. § 454; 1 Rum. Prac. 123; Field v. Van Cott, 5 Daly, 308.

As to the second defense, to wit, that the defendant's testator and the other sureties, under an agreement between them and Mr. and Mrs. Foley, were to become sureties to the beneficiary to the extent only of one-half of the expressed penalties in the bond, it is to be observed that on the trial no evidence was offered to prove any such agreement. A resort must be had to the bond for the purpose of ascertaining whether, upon a fair interpretation and construction thereof, such an agreement can be implied. A perusal of the bond satisfies me that no such implication can arise. The sureties did not limit their liability to the principal of the estate, nor to the sum of $85,000, but each surety limited his liability to the obligees of the bond to the sum therein stated, and in the case of the defendant's testator to the sum of $30,000. "A penalty," in the language of Chief Justice Marshall, in Tayloe v. Sandiford, 7 Wheat. 17, "is to cover the damages which the party in whose favor the stipulation is made may have sustained from the breach of contract by the opposite party." In case, therefore, the aggregate default or damage equals or exceeds the penalty fixed in the bond, the obligor is liable in the amount of the penalty expressed in the bond.

The argument which is advanced by the defendants' counsel, that under the peculiar phraseology of this bond the defendants would not have a right of action against the other sureties on the bond for contribution, I do not think is sound. See the leading case of Deering v. Earl of Winchelsea, 2 Bos. & P. 270, which holds that if A., B., and C. become bound as sureties for D. in three separate bonds, and any one of them be compelled to pay the whole debt of the principal, the two others are compellable to contribute in proportion to the penalties of their respective bonds. In that case there were three several bonds, each in the penalty of £4,000. The principal became indebted to the crown, and there was a deficiency after his estate had been applied to the liquidation of the debt. The whole of this deficiency was collected from the plaintiff, who sued the sureties upon the other two bonds, asking contribution, and the court held that the sureties in the other bonds were liable to him. See, also, the same case in 1 White & T. Lead. Cas. Eq. 115, 120, and cases cited in note. Armitage v. Pulver, 37 N. Y. 494, also holds that where there are several distinct bonds, with several and distinct penalties, contribution between the sure-

ties is in proportion to the penalties of their respective bonds. I am, however, of the opinion. that under the third defense in the defendants' answer they are entitled to be credited upon the express liability of $30,000 with the sum of $7,496.15, the amount paid by Mr. Schell to Mrs. Foley, the existing beneficiary of the trust. The liability of Mr. Schell was limited by the express terms of the bond to $30,000, and under the provision of the Code of Civil Procedure his representatives are entitled to set up that payment as an equitable defense to this action.

The order made by this court upon the removal of Foley as trustee, respecting the division of the moneys which may come into the hands of the substituted trustee as between Mrs. Foley and her children, cannot affect the parties to this action, for the reason that they were not parties to and were not heard in that proceeding.

To recapitulate, I am of the opinion that under the terms of the bond Mr. Schell's representatives are liable in the sum of $30,000, and from that sum must be deducted the sum of $7,496.15, paid by him in his lifetime to Louise P. W. Foley, before the appointment of the present plaintiff as trustee, leaving a balance of $22,503.85, upon which the plaintiffs are entitled to interest from the 2d day of April, 1894, the date of the order removing the said Foley as trustee.

Ordered accordingly.