(45 Misc. Rep. 174)

### HART et al. v. SICKLES et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. CORPORATIONS—CONTRIBUTION BETWEEN STOCKHOLDERS.

    Where a stockholder has paid a note given by the corporation his right to compel contribution from his fellow stockholders, who had agreed to pay the amount of their respective stock subscriptions to the payee of the note at its maturity, is not conditioned on the insolvency of a corporation.

2. SAME—ACTION BY STOCKHOLDER.

    In an action by a stockholder who has paid a corporate debt to compel contribution from other stockholders the company is not a necessary party.

Action by George M. Hart and others against David B. Sickles and others. Demurrer to complaint overruled.

Hays & Hershfield, for plaintiffs.
Philip Carpenter, for defendant Sickles.

BLANCHARD, J. The complaint discloses the following facts: By virtue of a written agreement entered into by the parties to this action with the Smith-Vassar Telephone Company and the Knickerbocker Trust Company the trust company loaned the telephone company $16,000, and took its promissory note therefor. The payment of this note was, under the agreement, secured by an assignment to the trust company of the subscriptions of the parties to this action to the stock of the telephone company. These parties also agreed to pay the

amount of their respective stock subscriptions to the trust company when the note matured, the amount so paid to be used and applied by the trust company in payment of the note. The note was not paid in full, and thereupon the trust company brought an action against the stock subscribers who had agreed to pay the note in the manner above stated. Upon the trial of that action the trust company recovered a verdict for the balance due on the note. The plaintiffs in this action, who are four of the parties against whom said verdict was rendered, have paid the amount of the verdict and costs of the action, and they now bring this action to compel contribution by the other parties, the defendants herein, against whom the said verdict was rendered. One of the defendants demurs upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and upon the further ground that there is a defect of parties defendant, in that the telephone company, the maker of the note, is not joined as a defendant. The objection of insufficiency of facts is based upon the omission of the plaintiffs to allege in their complaint the insolvency of the telephone company, or the inability of the plaintiffs to collect from it, or a demand upon the telephone company and a refusal by it to pay. The objection is without merit. In this form of action the right of the plaintiffs to recover does not depend upon the insolvency of the telephone company, or upon its inability to pay. The whole theory of this action is based upon the fact that the plaintiffs have been forced to pay an indebtedness upon which the defendants were, with the plaintiffs, severally liable, which indebtedness the defendants had, in conjunction with the plaintiffs, promised and agreed to pay. Under such circumstances equity will decree contribution. Aspinwall v. Sacchi, 57 N. Y. 331. Nor is the telephone company a necessary party to this action. The court may render a complete and effective judgment without its presence. In this form of action the plaintiffs had an option as to whom they should make defendants. Code Civ. Proc. § 454; Toucey v. Schell, 15 Misc. Rep. 350, 37 N. Y. Supp. 879. The demurrer should be overruled, with costs, with leave to the defendants to answer within 20 days upon payment of costs.

Demurrer overruled, with costs, with leave to defendants to answer within 20 days on payment of costs.