Hanford *v*. Rogers.

---

## HANFORD and others *vs*. ROGERS.

Where two instruments are executed at the same time, between the same parties, and relating to the same subject matter, they are to be construed together, and considered as forming but one contract or agreement.

Accordingly, where, in consideration of $204, paid by the plaintiffs to the defendant, the latter assigned a bond and mortgage to the former, and covenanted that $204 and interest was due thereon, and by an indorsement on the bond executed at the same time, guarantied the payment of

Hanford *v.* Rogers.

the bond when due; *Held* that the assignment and the guaranty were to be regarded as one instrument, and that the plaintiffs could recover upon the guaranty, although it was not under seal, and no consideration was expressed in it.

This cause was tried at the New-York circuit. On 1st Feb. 1838, one Hastings executed his bond to the defendant in the penalty of $584, conditioned for the payment to the defendant, or his assigns, of the sum of $292, on 1st February, 1843, with interest at 6 per cent per annum, payable half yearly. Two payments, viz., of $34,32 and $88, were made on 28th January, 1840, and indorsed on the bond. On the 28th November, 1842, the defendant, by an instrument under his hand and seal, assigned to the plaintiffs the bond and mortgage, and the moneys to grow due thereon, with the interest, in consideration of $204, paid to him by the plaintiffs, and covenanted that there was then due on the bond and mortgage the sum of $204, with interest at 6 per cent per annum, from 1st of Feb. 1840. On the *same* *28th of Nov.* 1842, the defendant also indorsed on the *bond* and subscribed, the following guaranty, but did not affix his seal to it, viz.

" I Jonathan Rogers, of the city of Brooklyn, do hereby guarantee the *payment* of the *within bond,* when due. Witness my hand and seal, the twenty-eighth Nov. 1842.

Jon. Rogers."

The body and signature were in the defendant's hand-writing. The assignment and the guaranty were both subscribed by the defendant. The action was brought upon this guaranty. The amount due on the bond, at the trial, was admitted to be $204, with interest at 6 per cent from 1st Feb. 1840, and due demand of payment and notice of non-payment had been given. The counsel for the defendant moved for a nonsuit, on the ground that the guaranty was not under seal, and that there was no consideration for the guaranty expressed in it. The court granted the nonsuit, and the defendant excepted. The case was submitted on points argued at length by the plaintiff, but the defendant merely repeated his points taken at the circuit.

Hanford *v.* Rogers.

*Wm. E. Dunscomb*, for the plaintiffs.

*J. P. Rolfe*, for the defendants.

*By the Court*, MITCHELL, J. Here the assignment and the guaranty were executed at the same time, and relate to the same subject matter ; and it is well contended, that they are therefore to be construed as but one instrument. This principle has been repeatedly recognized in our courts. In *Cornell* v. *Todd*, (2 *Denio*, 133,) Bronson, Ch. J. says, " it is undoubtedly true, that several deeds or other writings executed between the same parties, at the same time, and relating to the same subject matter, and *so* constituting parts of one transaction, should be read and construed together as forming parts of one assurance or agreement ;" and that " it is not necessary that the instruments should in terms refer to each other, if in point of fact, they are parts of a single transaction." He held, however, that the rule did not apply when two deeds related to two *distinct parcels* of lands, because then they did not relate to the same subject matter. The same principle is applied by Cowen, J. in *Hall* v. *Adams*, (1 *Hill*, 603,) to an assignment of a lease, a covenant by the assignee, and two sealed notes given by the assignee. He held they were to be " considered as one instrument, for they were all executed at the same time and relate to the same subject."

In *Jackson, ex dem. Watson*, v. *McKenny*, (3 *Wend.* 233,) it was applied to a deed, absolute on its face, from a mother to her son, and to a covenant back from the son to the mother, referring to the deed and declaring the intention to be that the mother should receive the income during her life. Both were held to be one instrument, and so the intention of the mother to *retain* a life estate in herself, notwithstanding the absolute form of the deed, was sustained. Sutherland, J. says, (p. 234,) " It has been repeatedly held, that when two instruments are executed at the same time, between the same parties, and relating to the same subject matter, they are to be construed together, and considered as forming but one contract or agreement. In *Stow* v. *Tifft*,

---

Hanford *v.* Rogers.

---

(15 *John.* 463,) Spencer J. says, " I am authorized to say, by the decision of this court in *Jackson* v. *Dunsbagh*, (1 *John. Cases*, 95,) that when two instruments are executed at the same time, between the same parties, and relating to the same subject matter, they are to be taken in connection, as forming together the several parts of one agreement." And the court applied the rule to a case where the husband bought lands and gave back a mortgage at the same time, for part of the purchase money, his wife not joining with him, and held that on his death his widow could not be endowed of these lands. The same thing had been held, for the same reason, in *Holbrook* v. *Finney*, (4 *Mass. R.* 569,) where Ch. J. Parsons said, " The two instruments must be considered as parts of one and the same contract between the parties, in the same manner as a deed of defeasance forms, with the deed to be defeased, but one contract, although engrossed on several sheets." Spencer, Ch. J. says, (15 *John.* 463,) in those cases, " The bargainor sells the land to the bargainee *on condition* that he pays the price at the stipulated time, and if he does not, that the bargainor shall be reseised of it, free of the mortgage. And whether this contract is contained in one and the same instrument (as it well may be,) or in distinct instruments executed at the same instant, can make no possible difference."

*In Jackson, ex dem. Trowbridge*, v. *Dunsbagh*, (1 *John. Cases*, 91,) the same principle was recognized, and applied to a deed from a father to his son, and articles of agreement between them, of the same date.

Here it is only necessary to read the papers to see the agreement of the parties: it was, that in consideration of $204 paid by the plaintiffs to the defendant, he assigned the bond and mortgage to them and covenanted that $204 and interest were due on it, and guaranteed the payment of the bond when due. The identity of the dates shows it was but one transaction, executed at one time, and for one consideration. It could not have been clearer what the actual agreement was if it had been all in one paper, and the authorities show that there being several papers does not prevent the agreement from being one.

If the defendant had executed an assignment of the bond, and then subscribed his name; then added a covenant that the principal was due, and again subscribed his name; then added this guarantee, and again subscribed his name, and delivered all three agreements at one time on one or three pieces of paper, it could not be doubted that the whole would be regarded, and would be in fact, but one agreement, and that one consideration was given for all parts of it.  Without each of those parts, the plaintiffs would not have parted with their money.  But here it is even more favorable to the plaintiffs; the papers clearly refer to each other; the assignment is expressly of the bond.  It is therefore of the bond as it was when assigned and delivered, with the payments indorsed and with the guarantee also indorsed, and the guarantee is for the payment of "the *within* bond," which is the bond described in the assignment.  The bond and the guarantee are thus almost embodied in the assignment, and ought so to be considered rather than to defeat the clear intent of the parties; especially in a case where the defense has nothing to commend it.  None of the dangers against which the statute of frauds was designed to guide could arise here.  The plaintiffs make no attempt to produce parol evidence to make out the contract; but show a contract in writing, subscribed by the defendant and containing the consideration of the contract.

There should be a new trial, costs to abide the event.

[NEW-YORK GENERAL TERM, March 8, 1851.—*Edmonds, Edwards* and *Mitchell,* Justices.]