WASHINGTON SPECIAL TERM, March, 1851. *Willard*, Justice.

### DE RIDDER *vs.* SCHERMERHORN and PURDY.

Where S. by an instrument under his hand and seal, acknowledged the receipt of $100 from one M., which he promised to pay out in the purchase of land in Michigan or Illinois, and to procure deeds of the same and to pay three and a half per cent interest, and to act for the mutual interest of both parties; and P. on the same day and on the same piece of paper, by an instrument under his hand and seal covenanted and guarantied the fulfillment by S. of the said agreement; *Held* that a joint action against S. and P. for a breach of the original agreement could not be sustained.

*Held also*, that the original contract of S. and the guaranty of P. were different contracts, and could not be united in the same action at common law, nor under § 120 of the code of procedure.

At common law a *joint* action could not be brought against two or more, who were *severally* and not *jointly* bound by the same covenant. So also, on a joint and several covenant, the plaintiff was bound to sue all *jointly*, or each *separately*. This principle is changed by § 120 of the code.

DEMURRER to complaint. On the 13th April, 1836, the defendant, John C. Schemerhorn, received from Mariah De Ridder $100,

which he promised to pay out in the purchase of land in Michigan or Illinois, and procure deeds therefor in the name of the said Mariah and John, and to pay $3\frac{1}{2}$ per cent interest, and to act for the mutual interest of both parties. A receipt expressing this contract was given by Schermerhorn, under his hand and seal. On the same day, and on the same piece of paper, the defendant Purdy, by an instrument under his hand and seal, covenanted and guaranteed the fulfillment by and on the part of the said Schermerhorn, of the agreement made as aforesaid by him.

The present action was against Schermerhorn and Purdy jointly. The complaint set out the breach of the agreement by Schermerhorn, and the non-fulfillment of the covenant by Purdy, and demanded judgment against both defendants jointly. It contained an averment that the contract was assigned to the plaintiff before the commencement of this suit. The defendants separately demurred to the complaint and assigned several causes of demurrer, of which it is only necessary to notice two, viz. That distinct causes of action had been improperly united, and that the plaintiff could not bring a joint action against both defendants on the contract set up in the complaint.

*J. Lewis*, for the defendants.

*H. W. Merrill*, for the plaintiff.

WILLARD, J. This action. was probably brought upon the authority of the case of *Enos* v. *Thomas*, decided by Justice Harris at the Albany special term in 1849, (4 *How.* 48.) The only material distinction between the cases is, that these contracts are both under seal, and the contracts in that case were without seal; but I apprehend that the principle must be the same in both cases. The case of *Enos* v. *Thomas* was decided upon the authority of *Hough* v. *Gray*, (19 *Wend.* 202.) *Luqueer* v. *Prosser*, (1 *Hill*, 256 ; *affirmed in error*, 4 *Id.* 420,) and the kindred cases. (*See Manrow* v. *Durham*, 3 *Hill*, 584. *Leggett* v. *Raymond*, 6 *Ib.* 639.) Those cases have been re-

pudiated in *Hall* v. *Farmer*, (5 *Denio*, 584, *affirmed on appeal*, 2 *Comst.* 553.)

The doctrine of the law now is, that a guaranty is a different contract from that which it is intended to secure, and must therefore express on its face a consideration, in order to take it out of the statute of frauds. The question with respect to a want of consideration does not arise in this case, because both instruments being under seal, import a consideration. But whether the two agreements are separate and distinct contracts, or are but one contract, is the important question in this case. The court of appeals held them to be different contracts. They hold that the principal debtor undertakes to pay his own debt, and the guarantor agrees to pay the debt of another person. The obligations are different from each other. It matters not that they were both written on the same piece of paper, and bear the same date. As they are different instruments and contain different obligations, they can not be called a joint contract.

The 120th section of the code specifies in what cases parties *severally* liable upon the same instrument may be united. It runs thus : " Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all or any of them be included in the same action, at the option of the plaintiff."

At common law the holder of a promissory note or bill of exchange could not unite in the same action the maker and indorser, drawer and acceptor. This was first permitted as a general thing by the act of April 25, 1832, (*Laws of* 1832, *p.* 489, § 1,) and is now adopted by the code. At common law, also, when a covenant was entered into by two or more *severally* and not jointly, a joint action against them could not be maintained. (*Leigh's N. P.* 663. 1 *East*, 226, 227, *per Lord Kenyon.*) This principle was intended to be changed by the 120th section of the code, so as to permit the plaintiff to include in the same action, all or any of the parties severally liable upon the same obligation or instrument. So, also, at common law, when the contract was *joint and several*, the plaintiff must sue each separately, or all together. He could not, for example, maintain

an action against two of three parties, to a joint and several contract. (1 *Chit. Pl.* 30. 3 *T. R.* 782. 1 *Saund.* 291, *f*.) This principle, which has been good law from the time of the year books, was changed by the 120th section of the code. The plaintiff is now allowed, at his option, to sue any one or more in the same action.

But the changes thus introduced by the code, do not reach this case. Neither of the instruments set up in the complaint is a bill or promissory note. They are both specialties. Nor are they one and the same instrument. They are different instruments, and each expresses an obligation different from the other.

It has not been urged that at common law, a joint action could be maintained against the principal and his guarantor, when the obligation was created by different instruments. No case can be found which gives countenance to such a joinder of actions or parties.

As the defendants are improperly united on common law principles, and are not within the *saving grace* of the code, the demurrers are well taken. Judgment for the defendants on demurrer to the complaint, with leave for the plaintiff to amend on payment of costs.

