Allen agt. Fosgate and Fosgate.

## SUPREME COURT

### ALLEN agt. FOSGATE and FOSGATE.

A *promissory note,* and a *guarranty* of payment written upon it, are different instruments, and impose distinct and different obligations.

A *joint action,* therefore, against the maker and guarrantor, cannot be maintained. The Code does not allow a joint action against several, unless they are liable upon the same obligation or instrument, in which case *all or any* of them may be included in the same action, at the option of the plaintiff.

*St. Lawrence Special Term, June,* 1855

THE action is against John Fosgate as maker, and against John Fosgate, junior, as guarrantor, of a promissory note. The complaint contains but one count, wherein the note and guarranty are set out; and avers that the guarranty is endorsed on the note in these words :—

" For value received, I guarrantee to John B. Eaton the payment of the within note when due.          JOHN FOSGATE."

The defendants demurred to the complaint, and allege as grounds of demurrer, among others, that the defendants are not liable as joint debtors, and that several causes of action are improperly united.

W. H. ANDREWS, *for plaintiff.*

CHAS. ANTHONY, *for defendants.*

BOCKES, Justice. If any doubt remained in regard to the question presented by the demurrer in this case, after the decision in *De Ridder* agt. *Schermerhorn*, (10 *Barb.* 638,) it was dispelled by the court of appeals in *Brewster,* agt. *Silence*, (4 *Selden,* 207.) That was an action against the guarrantor of a promissory note—the guarranty being written under the note as follows :—

" I hereby guarrantee the payment of the above note.
" F. SILENCE."

This was held to be a contract distinct from the note. The learned judge, delivering the opinion of the court, remarks, (*page* 215,) " The note and guarrantee are not one and the same thing. The note is the debt of the maker. The guarranty is the engagement of the defendant that the maker shall pay the note when it becomes due. A joint action will not lie against them both. They are not the same, but different and distinct contracts." Justice JEWETT has elaborated this point in *Durham* agt. *Manrow*, (2 *Com.* 533, 542, *et seq.*,) with great clearness. In that case, it is true, he stood with the minority of the court, and for a reversal of the judgment of the supreme court; yet his opinion seems to have been adopted in the subsequent case of *Hall* agt. *Farmer*, (2 *Com.* 555.)

Those cases which are in conflict with *De Ridder* agt. *Schermerhorn*, and *Brewster* agt. *Silence*, must be deemed to be overruled, and the law as there laid down permanently settled.

The act of 1832 gave the holder of a promissory note or bill of exchange, the right to unite the maker, indorser, drawer,

Allen agt. Fosgate and Fosgate.

and acceptor in one action. But this statute did not reach the case of a guarrantor. under the decisions which hold that the contract of guarranty is distinct from the contract of the maker of a promissory note. The Code (§ 120) has still further extended the rights of parties holding bills of exchange and promissory notes. At common law, the holder could not maintain a joint action against all of several makers, who promised severally and not jointly; nor against two of three joint and several promisors.

The statute of 1832 did not affect the rule of the common law in these respects. The Code (§ 120) has changed this common law principle; but still does not permit a joint action against several, unless they are liable upon the same obligation or instrument, bill of exchange, or promissory note; in which case *all or any* of them may be included in the same action, at the option of the plaintiff.

It being decided that the guarrantor's liability is not on the note, the Code does not reach his case. The learned judge in *De Ridder* agt. *Schermerhorn*, alludes to the change effected by the Code, and gives it the same effect above indicated.

The note and guarranty are different instruments, and impose distinct and different obligations.

Judgment for the defendants on the demurrer.