Gould *v.* Moring.

*C. A. Seward,* for the appellants.

*E. & E. F. Brown,* for the respondent.

───────•●•───────

## GOULD *vs.* MORING.

H. signed an agreement, by which he promised to pay to A. the rent of certain premises.  This agreement was also signed by the defendant, as "security," without any consideration being expressed.  *Held* that the case fell directly within the rule laid down by the court of appeals, in *Brewster* v. *Silence,* (4 *Seld.* 207;) and that, the consideration not being expressed in the undertaking of the defendant, it was void by the statute of frauds.

APPEAL from a judgment rendered at a special term, after a trial at the circuit.  The action was brought to recover $160.50 for rent due on the 1st of May, 1856, by Edward Heilberth, on the following agreement, to wit: ·

Gould *v.* Moring.

" I have this day rented the office No. 2 Hanover street, of Thomas Andrews, treasurer, until the 1st May next, for the sum of three hundred and twenty-five dollars, payable one half 1st of February, the other half 1st May next. Messrs. Hughes & Andrews reserving the use of their desk in said office without any additional charge to them of fire or clerk hire.

New York, October 23, 1855. EDWARD HEILBERTH.

Security—H. E. MORING."

The plaintiff averred in the complaint, that in pursuance of said agreement, Heilberth entered into the possession of the premises, and used and enjoyed the same for the period mentioned in said agreement. And that the defendant undertook and promised, and did become pledged, liable and bound to said Andrews for the fulfillment of said agreement by Heilberth, and to pay said rent, and that the sum of $162.50 for the one half part of the said rent due the 1st May, 1856, became due and payable by the said Heilberth, and that the same remains due and unpaid. That notice of the default of said Heilberth was given to the appellant. And also that the said agreement and guaranty, and all advantage and benefit thereof, was assigned to the plaintiff. The defendant denied in his answer all the allegations in the plaintiff's com plaint, except the signing of his name under the word " security" in said agreement

On the trial, the defendant's counsel moved that the complaint be dismissed, upon the following grounds: 1. That the security or guaranty of the defendant for the payment of rent, or for the faithful performance of the contract by Heilberth, is void, there being no consideration expressed upon which it was made. 2. That the security of the defendant is void for want of consideration.

The justice denied the motion to dismiss, and instructed the jury that the defendant was liable, and directed them to find a verdict for the plaintiff, for the amount claimed, and interest, amounting to $179.96 ; for which amount a verdict and judgment were rendered.

*Henry Alker,* for the appellant,

*Tracy, Wait & Olmstead,* for the plaintiff.

*By the Court;* DAVIES, P. J.　The case of *Hanford* v. *Rogers,* (11 *Barb.* 18,) decided in 1851, in the general term of this district, is certainly an authority for maintaining the ruling at the circuit.

In that case the guaranty of a bond expressing no consideration was held not to be within the statute of frauds. It was executed at the time of the bond, and was held to be a part of the same transaction. It was as in this case, one transaction, executed at one time, and for one consideration, and the court say that " none of the dangers against which the statute of frauds was designed to guard could arise here."

But the case of *Brewster* v. *Silence,* (4 *Seld.* 207,) since decided by the court of appeals, is in conflict with that decision, and *Hanford* v. *Rogers* must yield to the higher authority.

In *Brewster* v. *Silence* the note and guaranty were given at the same time, on the same piece of paper, and on the faith of both, property was parted with by the receiver. The court of appeals say " the note and guaranty are not one and the same thing. The note is the debt of the maker—the guaranty is the engagement of the defendant, that the maker shall pay the note when it becomes due. A joint action will not lie against them both. They are not the same but different and distinct contracts. If we give effect to the statute, we must treat the guaranty as void for want of expressing on its face the consideration."

In this case the defendant undertakes, as security for the tenant ; that is, that he will pay if the defendant does not. A joint action will not lie against them both ; they are not the same, but different and distinct contracts. (*De Ridder* v. *Schermerhorn,* 10 *Barb.* 638, *Allen* v. *Fosgate,* 11 *How. Pr. R.* 218.) It follows therefore, that the present case falls directly within the rule laid down in *Brewster* v. *Silence,* and,

the consideration not being expressed in the undertaking of the defendant, it is void by the statute of frauds, as the same exists in this state. The judgment appealed from is reversed, and a new trial ordered ; costs to abide the event.

[New York General Term, November 4, 1858. *Davies, Clerke* and *Ingraham,* Justices.]