This case comes precisely within the language of section 120 of the Code of Procedure, which provides that "persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all, or any of them, be included in the same action, at the option of the plaintiff." I see no reason to doubt that it is likewise within the meaning and intention of the enactment. It relates expressly to several, and not to joint liabilities. The latter did not require the aid of a special provision; for a plurality of joint contractors always could be, and generally were required to be, sued together; and provision was made in the act concerning joint debtors, for omitting to serve *Page 288 
process on all, if the creditor should so elect. But, though this were otherwise, the provision in question relates, in terms, to cases where a plurality of persons contract several obligations in the same instrument. That was the case here. It may be said that the cause of action is not, in this case, precisely the same against both the defendants. The lessee engaged to pay the rent unconditionally, and the surety was under no obligation until the principal had made default. But, after such default, each of them was liable for the same precise amount absolutely. They were, therefore, within the language which speaks of persons severally liable upon the same instrument. If this were otherwise doubtful, the reference to suits upon bills of exchange and promissory notes makes it entirely certain that the present case was one of those in the contemplation of the authors of the section. The parties to such paper are included in the provision. The indorsee of a bill or note, and the drawer of an accepted bill, are only liable contingently, and after being charged upon a default of the maker or acceptor. They were included in the scope of the enactment, because, though, in a general sense, parties to the paper on which their names are placed, they are not parties to the obligation, or instrument, in the same strict sense as the surety in the case under consideration. No doubt, a pretty radical innovation upon the common-law system of pleading was made when, by the act of 1832 (p. 489, § 1), the several obligations of parties to a bill or note were allowed to be enforced in a single action. But this had become familiar law when the Code was written, and it seems then to have been considered that the principle might be usefully extended to cases like the present; and the section referred to appears to me to have been framed for that purpose. I am not able to entertain any doubt respecting the correctness of the judgment of the Supreme Court. In the cases from 11 Howard's Practice Reports, 218, and from 10 Barbour, 638, to which we have been referred, the separate undertaking of the surety was contained in a different instrument, and it was held that he could not be joined as a defendant in an action against the principal. It *Page 289 
was assumed by the court that, in a case like the present, where both parties were bound by the same instrument, the statute would apply.
I am in favor of affirming the judgment of the Supreme Court.
COMSTOCK, Ch. J., and MASON, J., dissented; all the other judges concurring,
Judgment affirmed.