By the Oourt:

Monell, J.
The question presented by the motion to dismiss the complaint, assuming the exception to be sufficient to raise it, is whether, in an action nominally against two of four trustees, and one only served, a judgment can be rendered against such one.
The liability created by the statute is joint mid several. Previous to the Code, upon such a liability the plaintiff could proceed against the parties jointly, or against each party separately. Two, or any greater number less than the whole, could not be sued in the same action.
The Code has, I think, changed the rule. The provisions of ithe 136th section apply to defendants jointly as well as severally *179 liable. Where defendants are jointly liable, the plaintiff may proceed against such as are served, and obtain a joint judgment against all, which may be enforced against their joint property, and against the separate property of the defendant served. Upon a several liability, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants.
These provisions are not new; they existed before the Code (2 R. S., 377, section 1, Sess. Laws, 1833, p. 395; section 3, id., 1835, p. 248), the only difference being, that the Code is extended to all contracts creating a several liability. The third subdivision, however, is new, and was designed to relieve parties from the consequences of failing to prove a joint liability, which formerly was an inevitable nonsuit. Under that subdivision all the defendants must be served. Then judgment may be taken against any or either severally, if the plaintiff would have been entitled to such judgment if the action had been against such defendant alone. Such is the construction of the third subdivision by the Court of Appeals in the recent case of Fielden v. Lahens (6 Abb. Pr. R., N. S., 341, 349), which follows the earlier case of Blodgett v. Morris (14 Abb. Pr. R., 486). In the latter case the court say that the provision applies to all actions, whether they be upon a joint liability only, or one which is both joint and several; that the object of the provision was to prevent a non-suit where a cause of action was made out against some, although not against all of the defendants, and that it was not intended to change the law in any other respect, but simply applies to actions upon contract the same rules which at common law were applied to actions for torts.
Upon a joint obligation, all the obligors must be sued. If less are sued, the non-joinder of the others can be successfully pleaded in abatement. Upon a several obligation, the rule is so far otherwise that the plaintiff may have a several judgment, although there is nothing in the provision expressly authorizing a suit against two or more, and less than the whole of the obligors severally liable.
*180 But the 120th section is yet more explicit. It provides that persons severally liable upon the same obligation may all or any of them be included in the same action.
The effect of this section upon the contmon-law rule has-been declared in several cases. In De Ridder v. Schermerhorn (10 Barb., 640), the court say a plaintiff is now allowed, upon a joint and several contract, to sue any one or more in the same action. That case did not, however, necessarily require a construction of the 120th section, as the action was upon, an alleged joint contract. But the design and effect of the section was illustrated by the case of a joint and several contract. But Brainard v. Jones (11 How. Pr. Reps., 569) was upon a joint and several agreement. Two only of the contractors were sued, one of whom demurred, on the ground of the improper non-joinder. The court sustained the action, overruling the demurrer, under the section referred to. The only question in that case was, whether the section was not confined to actions upon bills and notes, and it was held not to be.
And in Harrington v. Higham (15 Barb., 528) it is said that under the 274th section (which must be taken in connection with the 120th and 136th sections) there may be a judgment against one or more, whenever a several judgment, upon the facts of the case, would be proper. This is allowable, irrespective of the character of the complaint, whether it alleges a joint or several liability. The true criterion now is, the court say, whether a sepa/rate action might home been maintained. H it could, a several or separate judgment is proper.
In Parker v. Jackson (16 Barb., 33), which was an action upon a joint and several promissory note, the section received the same interpretation, although the precise question was not involved.
In Strong v. Wheaton (38 Barb., 616) the action was against stockholders of a corporation to enforce their individual liability, which was'-joint and several. On the trial it appeared that some only of the stockholders had been sued. The objection of misjoinder was taken, and overruled on the ground that it should *181 have been set np in the answer. The court sustained that ground of the decision and conceded that the rule of the common law had been changed. The decision in Brainard v. Jones (supra) was approved, and held to apply and govern that case, if the subject-matter of the action was an obligation or instrument. It was held not to be, and, therefore, not reached by the 120th section.
If the case at bar rested wholly under that section, it might be said of it, that the cause of action, which is similar to that in Strong v. Wheaton, was not reached by the section. But, without interfering with that decision in which the second subdivision of section 136, as well as the 274th section, is entirely overlooked, it is enough that in actions against defendants severally liable, it is expressly provided in the section referred to, that the plaintiff may proceed against such as are served as if they were the only parties proceeded against.
This general effect of all the sections referred to, is given in the case of McIntosh v. Ensign (28 N. Y. R., 172).
If the remark in Blodgett v. Morris (supra), that it was intended to apply to actions on contracts the same rules which at common law were applied to actions for torts, is correct, then it is clear no misjoinder or non-joinder of defendants can be alleged in abatement. Under the former practice a non-joinder of defendants in the latter class of actions could not be taken advantage of in any way (Rose v. Oliver, 2 John R., 365; 1 Chitty Pl., 86; Brown on Actions, 314).
It seems to me, therefore, that the rule of the common law is changed, and if the liability is several, although it may be joint' also, the plaintiff may sue one or more and less than the whole of the joint and served contractors, and have a separate judgment against such as are served.
But there are other reasons why the verdict in this case should not be disturbed.
The defense of the non-joinder of Ashfield and Butcher was certainly unavailing, if Walter was the only trustee sued. Joy was merely named as a defendant. He was not served; he did not appear in the action, nor was he a necessary party, as the *182 action would have been complete'against Walter alone. The defendant Walter cannot be presumed to have known of the non-service of process on his co-defendant, and he was, therefore, in a position to raise the question by insisting .upon the non-joinder of tile other trustees as a defense.
At the time the motion to dismiss the complaint was made, Joy was a party defendant to the record, and the question was properly raised, whether the action could be maintained; and had the motion been decided adversely to the defendant,, and an exception taken to the decision, we would have been required to place our decision upon that ground alone. But the case does not show that any decision was made or exception tahen, and we should not be allowed to supply the defect by conjecture or-presumption.
Immediately, as the case shows, upon the motion to dismiss being made, the plaintiff moved to amend, by striking Joy’s name from the summons and complaint. The motion was at first granted, but upon terms with which the plaintiff refused to comply. The motion was then denied. But the motion to dismiss does not appear to have been decided.
The court had the power to make the amendment (Code, section 173), and had the motion prevailed, no doubt could be entertained that the verdict against the remaining defendant would stand.
At the close of the trial, however, the court did, in effect, what it had previously refused. By directing the verdict against Walter alone, Joy was effectually dropped out of the case, and to such direction there was no exception.
The plea in abatement was a purely technical plea. It did not enter into the merits of the action, or affect the liability of the defendant Walter. Had all the trustees been named defendants, and Walter only served, the result would have been the same as if he had alone been sued; for there would be no practical difference in the judgment; and if there is any right to require contribution, it is equal in the two cases.
Being a merely technical defense, it should be judged strictly, *183 and as the ease presented to the General Term contains no exceptions applicable to that question, there is nothing left of the defendant’s case, unless the exclusion of some evidence was error. As we find none, judgment should be entered for the plaintiff upon the verdict.