White, J.
At common law a joint action could only be brought to enforce a joint liability. This principle of the common law has been greatly modified by legislation.
Section 38 of our code of civil procedure provides as follows : “ Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange .and promissory notes, may, all or any of them, be included in the same action at the option of the plaintiff.”
Section 122, which prescribes a short mode of declaring *333 on certain causes of action, provides that “ when others than, the makers of a promissory note, or the acceptors of a bill of exchange, are parties in the action, it shall be necessary to state also the kind of liability of the several parties, and the facts, as they may be, which fix their liability.”
The .question here raised is whether Lewis & Brother, at the time they were sued, were parties to the note within the meaning of the section of the code first above quoted.
That they were parties to the note at the time of its execution, is undeniable. The note was negotiable, and they were its payees. In their hands it first became operative as a legal instrument; and it is through their indorsement the plaintiffs derive title.
The point of objection is that, by the terms in which the payees prescribed their liability when they parted with the note, they ceased to be indorsers, and became guarantors merely.
The contract of an indorser, as well as that of a guarantor, is separate and distinct from that of a maker. A guaranty may be made by the legal holder, or by a third party who is a stranger to the instrument. "When the guaranty is by the legal holder on transferring his title to the instrument, and is merely intended to vary his liability from what it would be under the law merchant, and to prescribe the terms upon which he is to be held liable to subsequent parties, he is, we think, still to be regarded as a party to the instrument within the remedial provisions of the code.
Although the liability of Lewis & Brother in the present case is not strictly that of indorsers, yet, as respects the remedy now in question, it is substantially the same as that of an indorser who has waived demand and notice. To this effect is the decision in Clay et al. v. Edgerton, 19 Ohio St. 549.
In Brewster v. Silence (4 Selden, 207), a case relied on by the plaintiffs in error, the guaranty was by a third party. Such also seems to have been the case of Allen v. Fosgate, *334 11 How. Pr. 218. De Ridder v. Shermerhorn (10 Barb. 638), was not the case of a guaranty of a note, but of a contract to lay out certain money in tbe purchase of land.
But without entering into an analysis of the cases in New York, it may be remarked that the principal discussion in those cases seems to have been as to the nature and effect of the guaranties under the statute of frauds of that state.
The question before us is whether, under the remedial provisions of the code, a joint action, in cases like the present, can be maintained. This question must be answered in the affirmative, and the judgment is therefore affirmed.
Welch, C. J., Rex, Gilmore, and McIlvaine, JJ., concurred.