ARETHUSA DECKER, RESPONDENT, v. FREDERICK S. GAYLORD AND CHESTER GAYLORD, APPELLANTS.

*Lessee and surety — can be sued jointly, under Code, § 120 — Continuing guarantee.*

A lease was signed by F. S. G., and then by C. G. Opposite to the name of the latter (whose name did not appear in the body of the lease) was written, "security for Frederick S. Gaylord." *Held,* that both could be sued in one action under section 120 of the Code.

The lease was for one year, but had a provision in it in these words: "This contract is to be renewed for three consecutive years, if it is fulfilled to the satisfaction of both parties." *Held,* that the guarantee was continuing and the guarantor liable for the second year's rent in default.

*Carman* v. *Plass* (23 N. Y., 286) followed.

APPEAL from a judgment entered on the verdict of a jury. The action was brought to recover a balance due on a lease of a certain farm in Phelps, Ontario county, being the balance of rent due on the lease from April 1, 1874, to April 1, 1875. The lease is dated April 1, 1873, and was for one year, but contained this clause : "This contract is to be renewed for three consecutive years if it is fulfilled to the satisfaction of both parties;" it was signed by Arethusa Decker, the plaintiff, and then by the defendant, Frederick S. Gaylord, the lessee, with their seals, and then as follows : "Chester Gaylord, security for Frederick S. Gaylord." Frederick S. Gaylord continued to occupy the premises until April 1, 1875.

*Faurot & Gooding,* for the appellants.

*Metcalf & Field,* for the respondent.

E. DARWIN SMITH, J. :

The chief point in controversy in this case relates to the form of the action. The defendants' counsel claimed at the Circuit, that the defendants could not be sued and held liable together in one action, and that their contracts were separate, and that they must be sued thereon separately. The learned judge ruled that the parties were jointly liable, and the defendants' counsel duly excepted.

It is clear, I think, that the judge was in error if he intended to decide, that the defendants were joint lessees of the plaintiff, or that they could be held liable upon the lease given in evidence in that capacity. The lease was clearly a contract between the plaintiff and the defendant Frederick S. Gaylord. He was the lessee and the sole contracting party as such in the lease, and the defendant Chester signed the same as his surety, and is not a lessee named in the lease, and he did not make himself a party to the same, except as a guarantor, or as he expressed it in words following his signature, as "*security for Frederick S. Gaylord.*" This was quite like the case of *Gould* v. *Moring* (28 Barb., 444), where, at the foot of a certificate or statement of a leasing by the lessee of certain premises stating the terms and signed by him, his name was followed with the words "security H. E. Moring." This was held a guarantee, or a collateral agreement to pay the rent if the lessee did not, and a separate and distinct contract from that of the lessee's, following the case of *Brewster* v. *Silence* (4 Seld., 207); and it was also held, as it was in the latter case, that a joint action would not lie against both parties. These cases are authority for the defendants' position here and at the Circuit.

But these cases are, on that point, overruled by the case of *Carman* v. *Plass* (23 N. Y., 286), where a sounder view of the question is taken, and proper force given to section 120 of the Code, which declares, that " persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, may all or any of them be included in the same action at the option of the plaintiff." That decision was made in respect to the lessee, and a guarantee of the payments by such lessee of the covenants in a lease quite analogous to the present one, and is decisive of this case.

The plaintiff was, therefore, entitled to recover against both defendants in the action as held by the Circuit judge, though not upon the precise ground stated by him. The ruling was right in legal effect, and it did no injury to the defendant that it was put upon an erroneous ground.

The ruling of the Circuit judge was also correct in respect to the liability of Chester Gaylord for the second year's rent. The contract of guarantee was a continuing one, running with the lease

if the same were renewed by the parties for a second year, and third year successively.

If the lease was renewed for the second year, by the parties thereto, that is by the lessor and lessee named therein, the defendant Chester Gaylord continued ·liable as security that his principal should perform the covenants of said lease on his part for said second year.

I see no substantial error in result and legal effect, committed by the Circuit judge, and I think we should affirm the judgment.

Judgment affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.