Bockes, J.
Two separate causes of action are united in the complaint; one against Alger as maker ; the other against Eldridge as guarantor. The note and the guaranty indorsed on it are separate instruments and constitute separate causes of action (Allen v. Fosgate, 11 How. Pr. 218; De Ridder v. Schermerhorn, 10 Barb. 638; Tibbits v. Percy, 24 Id. 39). Those cases are not overruled by Carman v. Plass (23 N. Y. 286), nor by Decker v. Gaylord (15 N. Y. Sup. Ct. [8 Hun] 110), where the actions were brought against lessee and guarantor, both having executed the same instrument. The case in hand is like Barton v. Speis (12 N. Y. Sup. Ct. [5 Hun] 60). Nowhere the facts stated show a good cause of action against each defendant separately; but not a good cause of . action against them jointly. Here then are two causes of action improperly united in the same complaint.
The next question is, may the defendants demur to the pleading? They might do so undoubtedly had *281 the causes of action been separately stated ; that is, in separate counts. This was held in Barton v. Speis, above cited ; but it was then said, per Mullen, J., that a complaint can only be demurred to for an improper joinder of causes of action when they are set out in separate counts ; that when contained in a single count (such is the case at bar), the remedy of the defendant was by motion. The learned judge cites Cheney v. Fisk (22 How. Pr. 236), in support of this ruling. It is doubtful whether that case so holds. That rule would be a sound one when different causes of action are stated in the same count against one and the same defendant (Bass v. Comstock, 38 N. Y. 21. See also remark of Marvin, J., in Hess v. Buffalo & Niag. Falls R. R. Co., 29 Bard. 395). The question, however, is now put at rest by the court of appeals. It is now decided by that court that a party may demur for an improper uniting of causes of action, although both be stated in the same count (Wiles v. Suydam, 64 N. Y. 173;* Goldberg v. Utley, 60 Id. 427). In the last case cited Judge Church says : “If the complaint contains several causes of action improperly united contrary to the code . . . , the vice may be reached by demurrer, and the failure'. . . to state them separately and number them would not be an answer to it, nor would a failure to move to correct the complaint in this respect defeat the effect of a demurrer.” The learned judge completely covers the case in the additional remark, that the plaintiff cannot deprive the defendant of the benefit of a demurrer upon this ground ; and further, that a substantial remedy cannot be prevented by a neglect to observe the rules of practice, nor in á case like this would the defendant be regarded as waiving such remedy by not making a motion. The motion for judgment must be denied.
Motion denied with costs.

 Reported below in 3 Hun, 604 ; S. C., 6 Sup'm Ct. (T. & C.) 292.