PHILIP H. LEHNEN, RESPONDENT, *v.* ALFRED J. PURVIS, APPELLANT, IMPLEADED WITH ANOTHER.

*Contract of suretyship — when the obligor and surety are properly joined as defendants.*

A complaint alleged that on October 20, 1885, the plaintiff and defendants entered into an agreement whereby one Westcott was to be released from all obligation on account of a certain bond executed by him and one Killian, and a contract to secure the performance of which the bond was given, he having transferred his interest therein to the defendant Killian, who had assumed the performance of the same, and that on that day Purvis, the other defendant, who was named as an obligor in and was a surety on said bond, undertook to become surety for Killian, and consented to the assignment to Killian, and agreed that his obligation as surety in said bond should continue to be the same for said Killian as it had been for Westcott and Killian, the original obligors.

Upon the hearing of a demurrer, interposed on the ground that the said Purvis was not a proper party to be joined with the defendant Killian in the action, and that causes of action, one against the defendant Purvis and the defendant Killian upon the bond set forth in the complaint, and the other against the defendant Purvis alone upon the contract set forth in the complaint, had been improperly united.

*Held,* that Purvis continued, under his agreement, to be jointly and severally liable upon the bond to the plaintiff for the performance of the contract mentioned therein; that but one cause of action was stated, namely, the liability of the defendants by reason of a breach of the condition of their bond, and that certain facts were stated for the purpose of showing that they continued that liability, notwithstanding the fact that Westcott had assigned his interest in the contract with Killian.

APPEAL by the defendant Alfred J. Purvis from a judgment, entered in the office of the clerk of the county of Onondaga on the 20th day of June, 1889, after the trial of an issue of law at a Special Term held in Onondaga county, raised by the service of a demurrer, on the part of the defendant Purvis, to the amended complaint herein.

The amended complaint, among other things, alleged that on or about the 23d day of April, 1885, the defendants and one Frank D. Westcott, made and executed to the plaintiff in this action the bond hereinafter set forth, to wit: "Know all men by these presents, that we, Frank D. Westcott, Henry C. Killian and Alfred J. Purvis, all of the city of Utica, N. Y., are held and firmly bound unto Philip H. Lehnen, of Syracuse, N. Y., in the sum of twelve hundred dollars ($1,200) to be paid to the said Philip H. Lehnen, or to his certain attorney, executors, administrators or assigns.

"For which payment well and truly to be made, we bind ourselves and our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed this 23d day of April, in the year of our Lord one thousand eight hundred and eighty-five.

"*Whereas*, The above bounden Frank D. Westcott and Henry C. Killian have contracted with the above-named Philip H. Lehnen for the right to publish and print the programmes for the Grand Opera House in Rochester, N. Y., and the Wieting Opera House in Syracuse, N. Y.

"Now, therefore, if the said Killian & Westcott shall well, truly and faithfully pay the sum of money or moneys as in the contract hereto annexed provided, and shall well, truly and faithfully perform all the conditions by said contract provided, then this obligation shall be null and void as to all the above-bounden obligors, and otherwise to remain in full force and virtue.

"FRANK D. WESTCOTT.
"HENRY C. KILLIAN.
"ALFRED J. PURVIS."

That thereafter, and on or about October 20, 1885, the plaintiffs and defendants entered into an agreement in writing, for value received, whereby the said Frank D. Westcott was to be released of all obligations on account of said bond or on said contract (the per-

formance of which the said bond was given to secure); the said Killian having received from said Westcott a transfer of the right and interest of the said Westcott in and to the said contracts, and having assumed the performance of the same and the obligations of said Westcott in said bond; and the said defendant Purvis having consented thereto in writing, in the following words and figures:

" For value received, I do hereby agree to and by these presents do become bondsman for Henry C. Killian, in the stead and place of Westcott & Killian, publishers of the Wieting and Grand Opera House programmes, published at Syracuse and Rochester, respectively; and all the surety that I became for said Westcott & Killian I hereby become for said Henry C. Killian.

" UTICA, N. Y., *October* 20th, 1885.

"ALFRED J. PURVIS.

The plaintiff further alleges that the said bond hereinbefore set forth was made by the said Westcott and the defendant Killian as principals, and by the defendant Purvis as surety, to secure the performance of two certain contracts made originally by said defendant Westcott and defendant Killian, for furnishing programmes for the Wieting Opera House, in the city of Syracuse, and the Grand Opera House in the city of Rochester;  *  *  *  that when the said Westcott transferred all his rights and interest in said contracts to the defendant Killian, who accepted and received the same, and assumed all the obligations thereof, the said Purvis consented to said assignment to said Killian, and agreed that his obligation of surety in said bond for the performance of said contract, should continue to be the same for said Killian as it was for said Westcott & Killian.

The demurrer was on the following grounds:

"*First.* That there is a defect of parties defendant in this action in that the said Purvis is not a necessary or proper party to be joined as a defendant with said Killian in an action upon the contract or agreement set forth in the said amended complaint.

" *Second.* That causes of action have been improperly united, viz.: One cause of action in said amended complaint being an alleged cause of action against said defendant Purvis and said defendant Killian upon the bond set forth in said amended complaint, and the

other cause of action in said amended complaint being an alleged cause of action against said defendant Purvis alone upon the contract or agreement set forth in said amended complaint.

"*Third.* That the amended complaint does not state any or a cause of action in favor of said plaintiff against said defendant Purvis.

"*Fourth.* That the amended complaint does not state facts sufficient to constitute a cause of action either against the said defendant Purvis alone, or against said defendant Purvis impleaded with the said defendant Killian."

*W. & N. E. Kernan,* for the appellant.

*Samuel R. Stern,* for the respondent.

HARDIN, P. J.:

The complaint contains facts sufficient to constitute a cause of action for a breach of the bond set out in the complaint against the defendants Killian and Purvis.

Killian and Purvis, by the terms of the bond executed on the 23d of April, 1885, were jointly and severally liable to the plaintiff for the non-performance of all the conditions contained in the contract referred to in the bond.

The complaint contains an averment that on the 20th of October, 1885, the plaintiff and defendants entered into an agreement whereby Westcott was to be released of all obligation on account of the bond, or on account of the contract mentioned in the bond, he having transferred his interest in the contract to Killian, who assumed the performance of the same in accordance with the stipulation theretofore existing against Westcott, and on that day Purvis undertook to become surety for Killian, and it is averred in the complaint that Purvis consented to the assignment to Killian "and agreed that his obligation of surety in said bond for the performance of said contract should continue to be the same for said Killian as it was for said Westcott and Killian." If the last allegation be true, then he continued jointly and severally liable upon the bond to the plaintiff for the performance of the contract mentioned in the bond.

The complaint contains an averment of a breach of the contract and a breach of the condition of the bond. It is also averred in the

complaint that "the said Purvis consented to said assignment to said Killian, and agreed that his obligation of surety in said bond for the performance of said contract should continue to be the same for said Killian as it was for said Westcott and Killian;" thus the words of the bond, "we bind ourselves and our heirs, executors and administrators jointly and severally, firmly by these presents," remained operative against Killian and Purvis, and the bond continued to be the foundation of their liability, and, as already stated, they were jointly and severally liable in virtue of the terms of the bond. It is stated that there was a breach of the conditions of the contract mentioned in the bond, hence there was a breach of the conditions of the bond, and for such a breach this action is brought.

*Barton* v. *Speis* (5 Hun, 61) is distinguishable from the case in hand. There the plaintiff sought to unite a cause of action against the maker of a note with a cause of action against the guarantor of a note, and it was held that the liability of the maker of the note was in virtue of one instrument and the liability of the guarantor in virtue of another instrument, and, therefore, the causes of action were improperly united.

In *Harris* v. *Eldridge* (5 Abb. N. C., 278) the action was against the maker of a note, and also against a guarantor of a note, and the court followed *Barton* v. *Speis*, holding that there was an improper joinder of causes of action.

If this complaint united two causes of action in the same count, it would be demurrable (*Wiles* v. *Suydam*, 64 N. Y., 173; *Goldberg* v. *Utley*, 60 id., 427); but, as already stated, we are of the opinion that but one cause of action is stated, to wit: Liability of the defendants by reason of a breach in the condition of their bond, and certain facts are stated for the purpose of showing that they continued that liability, notwithstanding Westcott had assigned his interest in the contract to Killian. We think the demurrer was properly overruled at the Special Term.

Judgment affirmed, with costs, with leave to the defendants to withdraw their demurrer on payment of the costs of the demurrer and of this appeal, and answer on payment of such costs within twenty days.

MARTIN, J., concurred; MERWIN, J., not sitting.

So ordered.