HARRY EVANS, Respondent, v. FRANK W. CONKLIN and LUTHER
CONKLIN, Appellants.

*Lease signed by the lessee and by a third party, but not by the lessor — action for rent —
failure to establish a cause of action against the third party as a surety — costs on
affirming a justice's judgment in part only.*

A written lease, signed by the lessee, may be valid as between the lessor and the
lessee who has occupied under it, although not signed by the lessor; and the
production of such a lease by the lessor, on the trial of an action brought by
him against the lessee for rent, with proof that the lessee entered into posses-
sion of the premises and occupied the same, and that the rent had not been paid,
will establish a cause of action against the lessee.

A lease was signed by the lessee named therein, and immediately under his sig-
nature, without any accompanying or explanatory words, was signed by a third
party, who was not mentioned in the lease. The lessor brought an action for
rent under the lease, in a Justice's Court, against the lessee and the third party by
whom the lease was signed, and recovered a judgment against both defendants,
which was affirmed by the County Court. Evidence was given on the trial
before the justice tending to show that the defendant, the third party, at the time
of the execution of the lease became aware that the plaintiff expected that he
would be surety for the lessee, and that his defense was technical rather than
equitable.

*Held,* on appeal from the County Court, that the plaintiff failed to make out a cause
of action against the third party, even on the theory that he signed the lease as
surety for the lessee, since such an undertaking would be void under the Statute
of Frauds by reason of the failure to express a consideration therefor;

That the judgment of the County Court should be modified so as to contain a pro-
vision affirming the justice's judgment as against the lessee, with costs, and
reversing the judgment as to the third party, with ten dollars costs and dis-
bursements (Code Civ. Proc. § 3063) in that court; and that the judgment as so
modified should be affirmed, with costs of the appeal to the General Term to
the plaintiff-respondent against the lessee appellant only, and without costs of
the appeal in the General Term to the third party appellant.

APPEAL by the defendants, Frank W. Conklin and Luther Conk-
lin, from a judgment of the County Court of Onondaga county,
entered in the office of the clerk of that county on the 12th day of
December, 1892, affirming a judgment of a Justice's Court in favor
of the plaintiff.

The action was brought to recover rent alleged to be due from
Frank Conklin by virtue of a lease. The justice's judgment was
for eighty-two dollars and ninety-one cents damages, four dollars

and sixty-five cents costs; total eighty-seven dollars and fifty-six cents.

The following is the lease in suit:

"APULIA, *Jan.* 10, 1891.

" This article of agreement made and entered into this 1st of March, 1891, by and between Harry Evans, of the Town of Tully, Co. of Onon., State of N. Y., party of the first part, and Frank W. Conklin of the Town of Fabius, Co. of Onon., and State of N. Y., party of the second part, witnesseth that the party of the first part agrees to let and by these presents does let unto the party of the second part for the term of one year, his farm situate in the Town of Fabius, together with the four cows now on the premises, for the sum of $200, two hundred dollars, to be paid in two payments, $100, one hundred dollars, on the last of Nov. 1891, and the remainder at the end of the year, 1892. Said Conklin is to return the cows in as good condition as when he takes them in his possession, if any should die through his neglect he is to lose them, if not Harry Evans is to lose them. Said Evans is to leave hay on the place to keep the cows on until grass comes. Said Conklin is to leave the same on when he leaves the place. Said Evans is to leave the seed barley that is now on the place. Said Conklin is to leave the same Amt. when he leaves. Said Evans is to leave the horse-rake on the farm and it is to be left in as good repair, except the wear on it. H. Evans is to fix the cistern in good repair. Said Conklin is to help fix it. The old fences said Conklin is to put in repair, said Evans is to furnish the material, said Conklin is to work the road tax.

"FRANK W. CONKLIN,
"LUTHER S. CONKLIN."

*J. E. Newell,* for the appellant.

*William Kennedy,* for the respondent.

HARDIN, P. J. :

*Loughran* v. *Smith* (11 Hun, 311), is an authority for holding that the lease is valid between the plaintiff and the lessee who occupied under the same, notwithstanding the fact that it was not signed

by the plaintiff, and the production of the lease and the proof given on the trial that the lessee, Frank Conklin, entered into possession of the premises and occupied the same, and the rent had not been paid quite satisfactorily, established a cause of action against Frank Conklin, the lessee.

(2) When the plaintiff rested a motion was made to " dismiss the complaint as against Luther Conklin on the ground that he is not a party to the lease and is not liable thereon ; " and, *second,* that there is no evidence " that will warrant a judgment against Luther Conklin or against any defendant that will support a joint judgment in this action." The motion was denied. Thereupon Luther Conklin was sworn as a witness and he was asked : " Did you sign the lease as a subscribing witness only ? " This was objected to and the objections were sustained. The following question was then put to him : " Did you ever sign that paper, plaintiff's Exhibit 'A,' except as a witness to the execution of it ? " This was objected to and the objections were sustained. At the close of the evidence a motion for a nonsuit was renewed on the whole evidence on the same grounds and on the further grounds " that the plaintiff has not signed the lease, and the minds of the parties did not meet, and the lease is void." The motion was denied. The lease produced bore date January 10, 1891, and read as follows : " This article of agreement made and entered into this 1st day of February, 1891, by and between Harry Evans * * * party of the first part, and Frank W. Conklin * * * party of the second part, witnesseth, that the party of the first part agrees to let and by these presents does let unto the party of the second part for the term of one year, his farm situate in the town of Fabius." Many other stipulations are found in the lease and there is nothing in the body of it nor in any attestation clause indicative that Luther S. Conklin was in anyway a party to the agreement. However, his name appears to have been written immediately under the name of the lessee, Frank W. Conklin.

In *Decker* v. *Gaylord* (8 Hun, 111), it appeared that a lease had been signed by the lessee, and thereafter appeared the words " Chester Gaylord security for Frederick S. Gaylord," and in the course of the opinion delivered in that case it was said that the defendants were not joint lessees of the plaintiff, and that they could

not be held liable upon the lease given in evidence in that capacity, and in the opinion it was said: "The lease was clearly a contract between the plaintiff and the defendant Frederick S. Gaylord. He was the lessee and the sole contracting party as such in the lease, and the defendant Chester signed the same as his surety, and is not a lessee named in the lease, and he did not make himself a party to the same, except as a guarantor, or as he expressed it in words following his signature, as 'security for Frederick S. Gaylord.'"

In *Gould* v. *Moring* (28 Barb. 444), there was an agreement to pay rent for certain premises made by Heilberth; after his signature appeared the words, "Security — H. E. Moring," and it was held that "The consideration not being expressed in the undertaking of the defendant, it was void by the Statute of Frauds," and in the opinion it was said: "In this case the defendant undertakes as security for the tenant; that is, that he will pay if the defendant does not. A joint action will not lie against them both; they are not the same but different and distinct contracts. (*De Ridder* v. *Schermerhorn*, 10 Barb. 638; *Allen* v. *Fosgate*, 11 How. Pr. 218.) It follows, therefore, that the present case falls directly within the rule laid down in *Brewster* v. *Silence*, and the consideration not being expressed in the undertaking of the defendant, it is void by the Statute of Frauds, as the same exists in this state." We think the plaintiff failed to make out a cause of action against Luther Conklin. We think there was no error in the County Court affirming the judgment as to Frank Conklin, and that the judgment rendered by the County Court, as to Frank Conklin, should be affirmed by this court. The notice of appeal to the County Court was signed in behalf of both defendants; so too the notice of appeal to this court. Evidence was given on the trial before the justice tending to show that the defendant Luther, at the time of the execution of the lease, became aware that the plaintiff expected that he would be surety for the lessee, and that his defense has more foundation in technical law than it has in the equities surrounding his case.

Under such circumstances we are inclined to affirm the judgment as to Frank Conklin, and to modify the judgment of the County Court so far as it affirms the judgment as to Luther Conklin, by providing that the judgment of the justice be reversed as to Luther Conklin, with ten dollars costs, besides disbursements in the County

Court, and that the judgment, as so modified, be affirmed without costs to Luther Conklin in this court.

Section 3063 of the Code of Civil Procedure provides that. the appellate court may affirm or reverse the judgment of the justice in whole or in part, and as to any or all of the parties, and for errors of law or of fact; and section 3066 in subdivision 5 provides, viz.: "If the judgment is affirmed only in part, the costs, or such a part thereof as to the appellate court seems just, not exceeding $10 besides disbursements, may be awarded to either party."

Judgment of the County Court modified so that the same shall contain a provision affirming the justice's judgment as to Frank Conklin, with costs, and reversing the judgment as to Luther Conklin, with ten dollars costs and disbursements in that court, and the judgment, as so modified, affirmed with costs of the appeal in this court to the respondent against Frank Conklin only, and without costs of the appeal in this court to Luther Conklin.

MERWIN and PARKER, JJ., concurred.

So ordered.