HATCH, J.
—The action is brought to recover rent secured to be paid by the terms of a written lease, and for damages sustained in the restoration of the property after the termination of the lease. The complaint sets out the two causes of action in separate counts. So far as material to the disposition of the questions presented by the demurrer, the complaint alleges in the first count, and repeats the allegation in the second count, as follows : “ That on the 19 th day of September, 1892, the plaintiff and the said defendants entered into a written agreement, a copy of which is hereto annexed, marked *882 ‘ Exhibit A,’ and is made a part of this complaint.” Reference to the contract which is thus made a part of the complaint shows that the defendants who demur are not parties thereto. They are not mentioned in the body of the lease, nor do they execute the same. Their undertaking is a guaranty that the lessees will fulfil the terms of the lease. The obligation is, therefore, not joint, but several, and arises out of distinct and independent contracts; the obligation under the lease being that the principal party will pay his debt, and, under the guaranty, that the guarantors will pay the debt of the lessee. These contracts have always been held to be separate contracts, even though appearing upon the same instrument. De Ridder v. Schermerhorn, 10 Barb. 638 ; Barton v. Speis, 5 Hun, 60; Evans v. Conklin, 71 Hun, 536; 54 S. R. 915 ; Harris v. Eldridge, 5 Abb. N. C. 278, and note. Nor is the rule changed from the consideration that liabilityattaches to each party at the same time and to the same extent. Tib bits v. Percy, 24 Barb. 39. Where the surety is made a party to the lease, and executes the same as such, the rule is so far modified as to permit of his being joined as a party. Carman v. Plass, 23 N. Y. 286. But this is placed upon the ground that liability is created by the same instrument, and therefore authority is found in the Code for such joinder. The same rule was also applied in Decker v. Gaylord, 8 Hun, 110. It will be found difficult, however, to reconcile the latter decision with the-current of authority as applied to the facts of that case. But it does not pretend to announce any different rule from that laid down in Carman v. Plass, supra, and the doctrine of that case only upheld the joinder on the ground that the surety was a party to the instrument. Section 454 of the Code of Civil Procedure has no application to the case, nor has it changed the rule of the cases cited. It is authority only for the joinder where the parties are liable upon the same written instrument. In this 'respect the rule remains the same as under the old Code. This interpretation has been sanctioned by the court of appeals in Nichols v. Drew, 94 N. Y. 22, where it is-said of causes of action: “ Those arising on contract, and affecting all the parties, may be joined. Those arising on contract, but inconsistent with each other, or not affecting all the parties, cannot be joined, and the defect may be reached by demurrer.” It follows, therefore, that the causes of action alleged in the complaint are improperly united, and that the-demurrer should be sustained.
Having reached this conclusion, we are now concerned with the disposition to be made of the action. We must assume for the present that the plaintiff has a just demand against all the defendants, and is only prevented from enforcing it from the fact that the parties, although liable for the same debt, are liable upon separate contracts. This seems to present a case where the action should be severed into two, in order thatliabilicy, if it exists, may be enforced, and plaintiff be not left *883 remediless. This course is authorized by section 497 of the Code of Civil Procedure. The judgment should, therefore, be that the judgment appealed from be reversed, and the demurrer sustained, with leave to plaintiff to divide his action into two actions, continuing the same against the parties liable upon the lease, and against the parties liable upon the undertaking of guaranty ; that he be permitted to serve an amended complaint in the actions as divided, with allegations appropriate thereto as he shall be advised; with costs of this appeal only to the demurring defendants.
All concur.