PEOPLE ex rel. WREN, Appellant, v. MORAN, Respondent. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Proceeding on the relation of George Wren against John J. Moran, etc., clerk of the police court of the Third judicial district, etc. No opinion. Judgment affirmed, with costs, on opinion in People v. England, 45 N. Y. Supp. 12.

PIKE, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Action by Leah L. Pike against the Metropolitan Street-Railway Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulates to reduce recovery of damages to $12,000 and interest, and extra allowance proportionately, in which case the judgment, as reduced, is unanimously affirmed, without costs.

POTTER v. ROCKEFELLER. (Supreme Court, Appellate Division, First Department. May 7, 1897.) Action by Daniel C. Potter against John D. Rockefeller. No opinion. Motion granted to the extent stated in memorandum per curiam.

PRATT et al., Respondents, v. MESSETER, Appellant. (Supreme Court, Appellate Division, First Department. July 2, 1897.) Action by Pratt, Read & Co. against George M. Messeter, as receiver. Benno Loewy, for appellant. O. C. Meriam, Jr., for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

REILLY, appellant, v. LOFTUS, Respondent. (Supreme Court, Appellate Division, First Department. June 11, 1897.) Action by Honora Reilly against Maggie Loftus. A. S. Smith, for appellant. J. C. Gulick, for respondent. No opinion. Judgment affirmed, with costs.

RINGLE et al., Respondents, v. RUNYON et al., Appellants. (Supreme Court, Appellate Division, First Department. July 2, 1897.) Action by Jacob Ringle and others against Charles Runyon and another. W. C. Gilson, for appellants. E. L. Collier, for respondents. No opinion. Judgment affirmed, with costs.

ROEHR, Respondent, v. LIEBMANN et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by Henry Edward Roehr against Julius Liebmann and Henry Claus. No opinion. Order affirmed, with $10 costs and disbursements. See 41 N. Y. Supp. 489.

ROKENBAUGH, Respondent, v. WILSHUSEN, Appellant. (City Court of New York, General Term. April 28, 1897.) Action by Mary S. Rokenbaugh against John Wilshusen. L. W. Harburger, for appellant. A. D. Farmer, for respondent.

McCARTHY, J. This is an appeal from an action brought by the plaintiff against the defendant, wherein judgment was rendered in favor of the plaintiff for broker's commission. The action was fairly tried and impartially submitted, and the law correctly presented to the jury. The jury having passed on the disputed questions of fact, and there being no errors, judgment must be affirmed, with costs.

ROMBO, Appellant, v. FORST et al., Respondents. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Action by Henry Rombo against Jacob Forst and others. No opinion. Order affirmed, with $10 costs and disbursements.

ROSLYN HEIGHTS LAND & IMPROVEMENT CO., Respondent, v. BURROWES et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by the Roslyn Heights Land & Improvement Company against Robert Burrowes, impleaded, etc. No opinion. Motion to postpone cause granted on payment of $10 costs within five days. In default of such payment, motion denied and appeal dismissed. See 27 N. Y. Supp. 622.

ROST, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1897.) Action by Clara Rost, an infant, etc., by Ernst Rost, her guardian ad litem, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, unless the plaintiff within 20 days stipulates to reduce the recovery of damages to $20,000 and extra allowance proportionately. In that event, the judgment is so modified, and as modified affirmed, without costs of this appeal to either party. All concur, except GOODRICH, P. J., who dissents solely on the ground that the recovery, as thus reduced, is excessive. See 41 N. Y. Supp. 1069, 1130.